Wheeler, O. J.
—The power which this court retains over its records and judgments of a former term was considered in the case of Chambers v. Hodges, 3 Tex., 517. What is deemed the sound and correct doctrine on the subject was there laid down with care and precision, and has been since followed as the settled law of the court. It-was considered, that when the judgment of this court is entered, its minutes authenticated as a record, and the term of the court closed, the court has no further power over the judgment, for the purpose of a revision or modification thereof upon the merits; but that the court may, after the term, amend its records and judgments so far as to correct merely clerical errors or mistakes, or by adding such omitted clause in the rendition of the judgment as may be necessary to give it effect, when there is anything in the judgment by which to amend.
The question now to be considered is, whether the omission of the name of Watson, one of the sureties in the appeal bond, in the entry of the judgment of this court, is to be deemed a clerical omission or mistake. We incline to the opinion that it is.
It sometimes happens, that the death of a surety is suggested, or for some other cause there is a dismission as to one, and judgment taken as to the principal and the other surety. When this is the case, the practice is, to enter the suggestion and dismission on the court docket, and indicate the judgment that is to be entered up as to the others. We have referred to the court docket of the term at which the judgment here in question was entered, and find no dismission as to the surety, Watson, but only an entry in the usual manner of affirmance of the judgment. In such case, it is the uniform practice, in compliance wdth the direction of the statute, (0. & W. Dig., Art. 1921; Paschal’s Dig., Art. 1571,) to enter judgment against the principal and sureties in the injunction bond. The entry in this case is in the usual form, “ That the judgment of *270 the court below he in all things affirmed, and the appellees recover of the appellant and his sureties, Harrison, Askey, and C. E. He Witt,” &c., omitting the name of Watson, the remaining surety on the bond. As there was no discontinuance or dismission as to him, we must suppose the omission of his name in the entry was a clerical omission. As such, it is the proper subject of amendment, and there is enough in the record to amend hy. Judgment was rendered against the principal and his sureties, which included all whose names were upon the bond; but, in naming them, one was omitted. It is plain from the record that his name, as well as the others, ought to have been inserted; and the record thus furnishes the means of supplying the omission.
There is a case reported in 14 Johns. B. where a similar amendment of the record of the judgment, hy adding the name of another defendant, was allowed by the Supreme Court of Hew York. (Bank of Newburg v. Seymour, 14 Johns. R., 219.)
So in the case of Van Buren v. Palmer, 18 Johns., 502, where, under a statute which subjected the lands and tenements, as well as the goods and chattels, of the debtor, judgment was rendered against the goods only, it was allowed," after the return of a fieri facias, showing that sufficient goods of the debtor were not found to satisfy the judgment, to amend, so that execution might be had against the lands and tenements, saving the rights of any subsequent incumbrancer. It was considered that the omission thus to enter the judgment in the first instance was a clerical mistake.
The Supreme Court of the Hnited States allowed an amendment of a judgment of a former term, in which interest was - not included, hy so reforming the judgment as to allow interest at the rate of six per cent. The reason assigned by Chief Justice Marshall was, that by a rule of the court six per cent, interest was allowed upon the *271 amount of the judgment of the court below, and the omission to include it in the entry of the judgment was deemed by the court a clerical error. (Bank of Kentucky v. Wistar, 3 Peters, R, 431.)
The case of correcting clerical mistakes in the names of parties in the entry of the judgment by another part of the record is a common case of the exercise of the power of amendment. (1 Bac. Abridg. tit., Amendment F.)
We think these authorities sufficient to evince that the present is a proper case for the exercise of the power.
The question of the sufficiency of the appeal bond was adjudicated at a former term, previously to the affirmance of the judgment. (Trammell v. Trammell, 15 Tex., 291.)
We think the delay in permitting a term to pass by before making the motion, is sufficiently accounted for by the affidavit filed in support of the motion. (See Trammell v. Watson, ante, p. 210.)
It is not perceived that there is anything in the fact that the surety was omitted in the rendition of the judgment to release him from his obligation as surety. And we are of opinion that the amendment be made, and the judgment so reformed as to include therein the surety, Watson, whose name was omitted in making the entry, and it is
Ordered accordingly.