Opinion by
White P. J.
§ 623. Amendment of judgment in vacation; after appeal perfected; case stated. Finlay & Co. recovered a judgment in justice’s court against Gallagher & Co. for $170.79. On appeal by F. & Co. to the county court the judgment was reduced to $163.27, but the county court adjudged the costs of both courts against G. & Co. F. & *548 Co. gave notice of appeal, and perfected their appeal to this court by giving an appeal bond. After the appeal had been perfected, but before the transcript had been made out, G. & Co. moved the county court, in vacation, to amend or correct the judgment rendered, so as to adjudge the costs in the county court in favor of F. & Co. This motion was granted and the judgment corrected, over the protest of G. & Co., nearly one year after the rendition of the original judgment. Held; A court may amend and correct its judgment after the expiration of the term at which it was rendered in order to correct clerical mistakes or errors, or to add an omitted clause necessary to give it effect, where there is anything in the judgment by which to amend. [Lorance v. Marchbanks, 2 Tex. Law Rev. 44; citing Chambers v. Hodges, 3 Tex. 517; Trammell v. Trammell, 25 Tex. Sup. 261. See, also, Collins v. State, 16 Tex. Ct. App. 274.] But where an appeal has been perfected, after ,the expiration of the term at which the judgment was rendered, the jurisdiction of the appellate court fully attaches, and the lower court has no further jurisdiction over the case. [Blum v. Wettermark, 58 Tex. 125; W. & W. Con. Rep. §§ 188, 527, 674.]
March 14, 1885.
§ 624. Costs; judgment as to erroneous. The judgment awarding F. & Co. the costs of both courts was erroneous. [R. S. art. 1432.] The judgment is reversed and here rendered so as to award G. & Co. the costs of the county court and of this appeal.
Reversed and rendered.