Opinion by
White, P. J.-
§ 686. Injunction; proper remedy, token; case stated. 'This is an injunction suit brought by Justin to restrain *604 the sale of fifty head of cattle levied upon by virtue of an execution issued upon a judgment rendered in the county court in favor of Byars, against Justin et al., for the sum of $92.15, and costs. The petition alleges that said judgment is without authority of law, in this, that a previous judgment had been rendered in the same case on March 18, 1883, by which the county court dismissed the appeal which had been taken from a justice’s judgment rendered in said cause in favor of said Byars, and ordered & procedendo to the justice. That afterwards, on April 12, 1883, and after the March term of the court had adjourned, Byars, in fraud of plaintiffs’ rights, and without notice to them, “by deceit and fraud,” procured the county court to set aside and annul its previous judgment of March 18, 1883, and to render and enter up the said judgment for $92.15, and costs, against said Justin and his sureties on his appeal bond, which bond had been quashed by the said previous judgment of said court. The petition also alleged that the said levy on the fifty head of cattle was excessive. Prayer for injunction restraining the enforcement of said judgment of April 12, 1883, etc. Byars moved to dissolve the injunction, assigning as ground for the motion want of equity iii the bill, in that it did not aver any damage or injury to the petitioner by reason of the judgment and execution complained of, and in that it did not deny the equity and justice of defendant’s claim. This motion was overruled, and judgment was rendered perpetuating the injunction and for costs against appellant Byars. Held: It is insisted by appellant that the court erred in overruling the motion to dissolve the injunction. As to want of equity in the bill, the position taken by appellant is, that the doctrine announced by this court is, that an injunction is authorized only where it is “shown that the plaintiff will suffer an injury for which he will have no adequate redress at law. Equity will not enjoin a judgment merely for defect of jurisdiction, ... or for irregularity or want of service, unless substantial *605 injustice has been done.” [W. & W. Con. Rep. § 991.] But, in the same case quoted from, it is held that equity will interfere to restrain a judgment at law “ where the judgment is clearly contrary to equity and good conscience.” And it is further said in that case, that the general rule is, that equity will grant relief against a judgment which is against conscience, or the justice of which can be impeached by facts, or on grounds of which the party could not avail himself at law, or which he was prevented from availing himself of by fraud, accident, mistake or act of the opposite party, without any negligence on his part. The same doctine is announced in 3 Wait’s Act. & Def. 729, and it is there further said that relief will be given by injunction against a judgment which has been obtained by fraud or collusion. It is true that an injunction will not issue to restrain proceedings on a judgment on account of defenses which could have been made on the trial. [Jordan v. Corley, 42 Tex. 284; Crawford v. Wingfield, 25 Tex. 414.] But this rule is not applicable to the facts stated in the petition, which are, that petitioner had no notice that the previous judgment was sought to be annulled, and had no opportunity to present his defenses to the proceedings to annul the same at a subsequent term of court to that at which it was rendered. It is alleged that he had no notice, and that the second judgment was obtained and procured by fraud and deceit.
§ 687. Amendment of judgment after term; notice. Even in cases where it is permitted by law to amend a judgment at a term subsequent to the one at which it was rendered, our statute requires that notice of the proposed action shall be given to the parties interested in the judgment. [R. S. arts. 1354, 1355; Williams v. Nolan, 58 Tex. 708; Trammell v. Trammell, 25 Tex. Supp. 261; Collins v. State, 16 Tex. Ct. App. 274.]
§ 688. Judgment cannot be changed after term of court has expired. But even had there been notice in this case, the court had no authority, at a subsequent term, to *606 set aside a judgment of a former term, and render a second judgment in the cause. The rule is well settled, that when the judgment of the court is entered, and its minutes authenticated as a record and .the term of court closed, the court has no further power over the judgment for the purpose of revision or modification thereof upon the merits. [Chambers v. Hodges, 3 Tex. 517; Trammell v. Trammell, 25 Tex. Supp. 261; Lorance v. Marchbanks, 2 Tex. Law Review, 44.]
May 9, 1885.
§ 689. Void judgment may be enjoined. This second judgment, then, was absolutely void for want of authority and jurisdiction in the court to render it. In addition to this fact, the petition alleged that it was obtained without notice to petitioner and through fraud and deceit. We know of no ordinary process of law by which such a judgment could be attacked, and in our opinion injunction was the proper and appropriate remedy. “ Where a judgment is void the defendant has the right to enjoin the plaintiff from enforcing its execution.”' [Witt v. Kaufman, 25 Tex. Supp. 384.]
§ 690. Injunction; allegation of “ irreparable injury ”' not necessary, when. It is insisted that the petition is insufficient, in that it failed to allege in terms that “irreparable injury” would ensue unless the relief by injunction was granted. Under the authorities before cited, such an allegation is not essential where the judgment complained of was obtained by fraud and deceit. Where an injury is of such a nature that it cannot be adequately compensated in damages by any'certain pecuniary standard, it is irreparable, and will be restrained by injunction. [Wilson v. City of M. P. 39 Wis. 160; 3 Wait’s Act. & Def. 683, 684.] In this case injunction was the proper remedy, and there is no error in the judgment of the court perpetuating the injunction.
Affirmed.