## HARRISON vs. STATE OF MISSOURI.

A court has no power to amend or alter its judgment after the close of the term at which such judgment was rendered.

### ERROR to Saline Circuit Court.

HAYDEN, *for Plaintiff in error, insists* :

1. That the original judgment and execution thereon issued *were void,* for want of jurisdiction

of the court to render judgment for the amount of the fine adjudged against defendant. See Rev. Code, 338, sec. 61.

2. That the court had no power or jurisdiction at the succeeding term of the court, to revise its proceedings, &c., of the preceding term of the court, so as to *give validity* to them. See 1 Mo. Rep., 17, Hanly vs. Davis; 2 Bibb Rep., 248, Conn vs. Doyle; 1 Bac. Abr., p. 165; Hyde vs. Curling & Robertson, 10 Mo. Rep.; 2 Tidd, 975.

3. The court had power, and was bound by law to quash the writ of execution which had issued upon *the void* judgment rendered at the preceding term of the court.

4. The court at the subsequent term, had no more power or authority to *diminish* the amount of the fine, which had been adjudged against the defendant at the preceding term, than it had, to have *increased it*, if in the opinion of the court the fine had been less than it ought to have been.

STRINGFELLOW, *Attorney General, for the State.*

1. The defendant being present in court, at the rendition of the judgment, at the October term, and making no objection to the judgment, cannot now complain. The court had jurisdiction of the person, and of the subject matter; the judgment being for too much, does not render it void.

2. The court had power to order a *remittiter* of part of the fine, even at a subsequent term.— The power to punish by fine, being for the protection of the court, has ever been regarded as completely within the control of the court.

3. The objection to the order of the April term, is of no weight. If the court had the power to reduce the fine, that order was proper. If it had not, the objection is improperly made. There should at least be a motion to set aside the latter judgment, or a motion to quash the execution issued upon the same.

McBRIDE, J., *delivered the opinion of the Court.*

At the October term, 1846, of the Circuit Court of Saline county, Harrison was fined $100, "for a breach of the peace, and for noisy and disorderly conduct in the presence and hearing of the court, directly tending to disturb its proceedings, and to impair the respect due its authority." On a subsequent day of the term, the court made an order remitting forty dollars of the fine, leaving sixty dollars, for which an execution issued returnable to the next April term; at which term the defendant filed a motion to vacate the judgment entered against him and quash the execution which was issued thereon; whereupon the court quashed the execution, entered a remittiter for ten dollars, and ordered an execution to issue for the remaining balance ($50) of the fine first imposed. The defendant excepted, and has brought the case here by writ of error, and seeks a reversal of the judgment of the Circuit Court on the grounds:

1. That the original judgment and execution thereon issued, *were void* for the want of jurisdiction of the court to render judgment for the amount of the fine, adjudged against the defendant.

2. That the court had no power or jurisdiction at the succeeding term of the court, to revise its proceedings of the preceding term, so as to *give validity* to them.

3. The court had power, and was bound by law to quash the writ of execution, which had issued upon the void judgment, rendered at the preceding term of the court.

4. The court, at the subsequent term, had no more authority to diminish the amount of the fine, which had been adjudged against the defendant at the preceding term, than it had to have increased it, if in the opinion of the court, the fine had been less than it ought to have been.

This proceeding was had against the defendant Harrison, under the provisions of of an act of the General Assembly, entitled "an act to establish courts of record, and prescribe their powers and duties." R. C. 1845, p. 338, § 61, which enacts that "every court of record shall have power to punish, as for a criminal contempt, persons guilty of either of the following acts, and no other: first, disorderly, contemptuous or insolent behaviour, committed during its sitting, in immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority," &c. Section sixty-two provides "that punishments for contempts, may be by fine or imprisonment in the jail of the county where the court may be sitting, or both, in the discretion of court; but the fine in no case shall exceed the sum of fifty dollars, nor the imprisonment ten days," &c. Section sixty-three declares that, "contempts committed in the immediate view and presence of the court may be punished summarily, &c."

Thus it will be seen, that the Circuit Court has the power to punish summarily, by fine and imprisonment, for a contempt committed in its presence; but the fine not to exceed the sum of $50, nor the imprisonment ten days.

In imposing the fine of $100 on the defendant, the Circuit Court clearly exceeded its powers; this was remedied or corrected in part, by the exercise of an unquestioned right of the court, to amend or vacate its judgments, at any time during the continuance of the term, at which the judgment amended or set aside, was rendered. But after the judgment was first amended, by the remission of forty dollars, the fine against the defendant still exceeded the power of the court. The judgment is not absolutely void, as the court had power to punish for the contempt, and thus had jurisdiction, but erroneous, because the fine exceeded in amount the *maximum* prescribed by the statute.

It is contended however, that if the amended judgment of the first

term was erroneous, it was competent for the court to correct it at the subsequent term, by entering a remittiter for ten dollars more, thereby reducing the fine to an amount within the legal discretion of the court. We think otherwise. There is not perceived to be any reason for a distinction between a judgment of this character, and one between parties litigant in the court. A judgment between parties, however erroneous, is final after the close of the term at which the same is rendered, and the court might as well undertake to correct an error committed either in law or in fact, at a subsequent term, however remote, in the one case as in the other. It surely would not be sanctioned in a civil case, for the court to undertake after the close of a term, to change one of its judgments, much less can the exercise of any. such power be tolerated in a criminal case.

The power of the courts to correct or amend their judgments at a subsequent term, is confined to cases, where the clerk has failed to enter such a judgment as the court actually rendered, and may be more properly denominated the correction of a clerical error or omission, whilst the correction may amount to an amendment of the judgment, as it was entered on the record through the misprision or error of the clerk. See Hyde vs. Curling, &c., 10 Mo. R., 359; 3 Bl. Com., 406; 1 Saund R., 350, a. b.; 5 Burr, 27-30; 1 Strange R., 136.

Judgment is reversed.