## TEXAS & PACIFIC RAILWAY CO. v. MATHEW CONNOR.

### Delivered April 8, 1896.

**1. Error in Judgment—Correction.**

Where an order on a motion to tax costs itself discloses that the judgment actually rendered was not entered, the court may properly correct the error after the term, since it is not the correction of a judicial error.

**2. Same—Effect of Appeal—Taxation of Costs.**

After a judgment has been appealed from and affirmed, a motion in the trial court to correct an error in the taxation of costs comes too late, since the error should have been assigned in the appellate court and corrected there. ·

APPEAL from the County Court of Grayson. Tried below before Hon. J. H. WOOD.

*Beaty & Culver,* for appellant.

No brief for appellee reached the Reporter.

JAMES, CHIEF JUSTICE.—Appellee recovered a judgment in the Justice's Court for $150, the alleged value of a mare that was killed. On appeal the judgment was reduced to one for $92, and the costs were adjudged as required by the statute in such case, namely, that is, against defendant for the costs of the Justice's Court, and against plaintiff for those of the County Court. Revised Statutes, art. 1432.

It appears that each party, before the close of the term, made a motion to have judgment amended as to costs, the plaintiff seeking to have all the County Court costs adjudged against defendant, notwithstanding a less judgment had been recovered by plaintiff than in the Justice's Court, and defendant seeking to have certain costs of the Justice's Court taxed against plaintiff. One order entered shows that the court allowed the latter motion as to $14.26 of the Justice's costs. The other order, that relating to the costs of the County Court, recited that motion was granted, and also sets forth reasons applicable only to adjudging the costs of the County Court against defendant, in view of article 1434, Revised Statutes, but proceeded to adjudicate against defendant costs of the Justice's Court, instead of those of the County Court. This was in February, 1893. It is shown that an appeal was taken in the case, and the judgment affirmed. In March, 1895, after affirmance of the judgment on appeal, the plaintiff filed a motion in the same court to correct the latter order, and upon hearing the court made an order correcting the judgment, so that it read to adjudge against defendant the costs of the County Court; and from this the present appeal is taken.

We are of opinion that the original order itself indicated a failure of the court to enter the order actually made, and contained matter which warranted the court in ascertaining and correcting the mistake in the entry of its judgment. The correction did not present the case of revision of a judicial error. The original order disclosed that the judg-

ment actually rendered by the court failed to become entered as its judgment. The motion to have the costs of the County Court taxed against defendant was granted, and the entire framing of the order shows unmistakably the ruling of the court, which failed of entry. The correction of the record to make it express the actual judgment would not be correcting a judicial error, and could have been done after the term from data furnished by the order itself.

But it appears that the case had been appealed, and the judgment as originally rendered affirmed, before the motion to correct was made. This leads us to inquire whether or not the motion could be entertained at all, under such circumstances. The appeal brought the entire judgment to the Court of Civil Appeals for revision as to any errors. There is no doubt in our minds that the very correction now sought to be made could have been accomplished in the appeal, upon a cross-assignment of error. There was no uncertainty in the ruling of the county judge in reference to the motion, as expressed in the order, and, if the reason given by him for adjudging the costs otherwise than as provided for by article 432, Revised Statutes, be "good cause," he should have reformed the order to make it conform to the findings and evident intention of the court. For this reason the judgment, after affirmance on appeal, ought to be conclusive of the question.

It is a wholesome rule which precludes a second appeal for matters that the parties had the opportunity of presenting in the first instance. Harris v. Simmang, 29 S. W. Rep., 668. It seems to us clear that litigants should be held to the diligence that requires them, when a case is appealed, to discover and present for revision all errors that exist in the proceeding. It is inconceivable that the error now complained of was overlooked pending the former appeal, without inexcusable neglect. Had the erroneous entry not been evidenced by the record, and recourse to the docket and files had been necessary to show it, still the practice of the appellate court is to give the complaining party the opportunity to have the judgment corrected in the trial court, and the proceedings certified, before acting on the appeal. We do not mean to say that the trial court cannot in any case, after an affirmance of the original judgment, correct the judgment to make it as it was rendered. There is authority that this may be done. Rousset v. Boyle, 45 Cal., 64. But, in a case where the record, or the very judgment itself, as in the case here, shows the failure to enter the intended judgment, and it could therefore have been corrected, if desired, in the appellate court, the affirmance of the judgment ought to be a finality as to such matter. Railway v. Haynes, 82 Texas, 457.

From these views of the case we are brought to the conclusion that the affirmance of the judgment by the Court of Civil Appeals precluded any further inquiry into the judgment as to the particular correction now sought to be made. Hence the motion should not have been considered, and the judgment thereon will be reversed and the motion dismissed.                                        *Reversed and dismissed.*