E. WATSON ET AL. v. J. M. CHAPPELL ET AL.

Delivered November 26, 1898.

**1. Judgment—Entry by Clerk Is Not.**

A judgment entered by the clerk which has not been previously pronounced by the court is not the judgment of the court.

**2. Same—Dismissal Final, When.**

The dismissal of an action of trespass to try title for want of prosecution, upon motion of intervening defendants, is a dismissal as to the whole case, and such interveners, who have set up title in themselves and are asking for affirmative relief, must have the judgment set aside on notice to the parties interested, if they desire an adjudication as to their title.

APPEAL from Delta. Tried below before Hon. HOWARD TEMPLETON.

*James Patterson* and *E. A. Watson,* for appellants.

*Cranford & Melson,* for appellees.

FINLEY, CHIEF JUSTICE.—E. A. Watson and W. L. Gross filed this suit against J. W. Chappell, it being an action of trespass to try title to a tract of land situated in Delta County. The suit was filed September 3, 1896. On February 1, 1897, the defendant Chappell filed his answer, consisting of a general demurrer, general denial, plea of not guilty, and the statute of limitations of three and ten years.

March 4, 1897, Malinda Etheridge and M. E. McConnell, her daughter by a former marriage, intervened as defendants in the suit, affirmatively claiming title in themselves and adopting the original defendant's plea of not guilty. On the 3d day of January, 1898, there was a judgment entered which recites that on that day the cause came on to be heard; that the plaintiffs failed to appear, and that Malinda Etheridge and M. E. McConnell by their attorneys appeared and announced ready for trial, and then follows the judgment upon the merits of the cause in favor of M. Etheridge and M. E. McConnell, adjudicating the title to the land in controversy to be in them, and awarding them a writ of possession and judgment for costs, etc. On the 7th day of January, 1898, E. A. Watson, joined by J. N. Boyd, the latter representing that he had purchased the title of W. L. Gross during the pendency of the suit, filed a motion to set aside the judgment which had been entered.

The motion sets forth that the cause was regularly called for trial previous to the time of the entry of the judgment hereinbefore referred to, and that plaintiff Watson and said Boyd were both represented by counsel present in court at the time the cause was called for trial, but that the said parties, Watson and Boyd, being in possession of the land and not desiring to prosecute the suit further, the cause was dismissed for want of prosecution by the court at the instance of the defendants in the suit, the court announcing the judgment of dismissal. It is further shown that the counsel of Watson and Boyd left the courtroom believing that the judgment of dismissal as pronounced by the court would be properly entered of record in the cause. That thereafter the judgment upon the merits of the cause in favor of Malinda Etheridge and M. E. McConnell was by the defendants caused to be entered upon the record without any notice to said Watson, Boyd, or their attorneys, and without the knowledge of the court. The said Boyd prayed in said motion to be allowed to appear as a party plaintiff in the place of W. L. Gross, whose title he had purchased during the pendency of the suit, and both parties prayed that the judgment as entered be set aside, and that the judgment of dismissal as pronounced by the court be duly entered, or that they be awarded a new trial and an opportunity to present their case to the court upon its merits. This motion is not sworn to, and there is no statement of facts contained in the record, but the court in acting upon the motion as evidenced by its order duly entered upon record, finds the facts set out in said motion to be true as therein stated. The motion was overruled by the court and the judgment upon the merits was allowed to stand as the judgment of the court, no reason being given or manifest from the record as the basis of the action of the court. The court in acting on the motion granted the prayer of Boyd to the extent of making him a party to the suit. Watson and Boyd gave notice of appeal to this court, and have duly perfected their appeal.

The only question presented for our consideration is the correctness of the action of the court in refusing to set aside the judgment upon the merits. There is a marked distinction to be observed between the rendition of the judgment and the entry of such judgment upon the records of the court. The rendition of a judgment is a judicial act of the court pronouncing the sentence of the law upon the issues in controversy as developed by the pleadings and evidence. The entry of the judgment upon the records of the court is a ministerial act of the clerk depending for authority upon the previous announcement of the judgment by the court. Hence an entry of a judgment never pronounced by the court is not a judgment of the court. Black on Judg., sec. 106. It necessarily follows that the judgment entered by the clerk in this case not having been previously pronounced by the court, was not the judgment of the court.

If the intervening defendants, Malinda Etheridge and M. E. McConnell, were not content with the judgment of dismissal pronounced by the

court, and which seems to have been rendered at their instance and re-quest, they should have filed their motion to set aside the judgment of dismissal and to reinstate the cause, giving proper notice to the other parties litigant of such motion. Then should the court have set aside the judgment of dismissal and reinstated the cause, it would have stood upon the docket as if no judgment had been rendered in it, and the parties to the suit would have had their day in court and an opportunity to have their rights adjudicated upon their merits. Mitchell v. Mitchell, 84 Texas, 303. The plaintiffs in the suit could not have deprived the inter-veners of their right to have the question of their title adjudicated by dis-missing the suit. The interveners having set up title in themselves, and asking affirmative relief, could hold the case in court and have the issue of title tried irrespective of any voluntary dismissal on the part of the original plaintiff in the suit; and this proposition is urged as a justifica-tion of the action of the court below. But this is not the case which we have presented to us. As before stated, the case pending was dismissed for want of prosecution at the instance of the defendants, and there was no reservation of the issues raised on the pleadings of the intervener to be tried. This being the character of the judgment of dismissal, the entire case was dismissed, and as before indicated, in order that any fur-ther proceeding might be had upon the merits of the cause, the judgment of dismissal must have been set aside on notice to parties interested and the cause reinstated.

The judgment of the court is reversed and the cause remanded for trial upon its merits.

*Reversed and remanded.*