HAMILTON et al. v. JOACHIM et al.

(Court of Civil Appeals of Texas. El Paso. March 28, 1912.)

APPEAL AND ERROR (§ 79*) — APPEALABLE ORDERS—FINALITY.

Where, in an action to determine the rights of parties under an oil lease, the judgment did not determine an issue raised by the pleadings as to one of the defendants and in no way bound such defendant, it was not final so as to be appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 148–157; Dec. Dig. § 79.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by S. Joachim and others against Hugh Hamilton and others. From a judgment for plaintiffs, defendants appeal. Dismissed.

Spotts & Matthews, of Houston, for appellants. D. H. Triplett and Leonard Doughty, both of Houston, for appellees.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

HIGGINS, J. This was a suit by S. Joachim for himself and as temporary administrator of the estate of his deceased wife, in which his five minor children, the heirs of the wife, were also joined as parties plaintiff, against H. Hamilton, H. Prince, and A. E. Stimson as defendants.

The pleadings are very voluminous, and for the purposes of this opinion it is sufficient to say the petition alleged that Stimson leased certain premises in the Sour Lake oil field in Hardin county, Tex., to S. Joachim for the development of oil, by contract dated May 15, 1903, by the terms of which Joachim was to pay to Stimson one-fourth of the gross output of any oil developed under the premises. It was further alleged that Joachim entered into a contract and agreement with Hamilton and Prince by which Hamilton and Prince were to furnish certain moneys for the boring of the well upon said premises and the development of oil therein, the oil so developed to be owned by the three last-named parties in certain proportions. It was alleged that Joachim bored the well upon the premises and developed oil, and that he was thereafter ejected from possession and control of the well and premises by Hamilton and Prince, who had failed and refused to account to him for his share of the proceeds of the oil produced by the well, and the damage by reason thereof is alleged at many thousand dollars. It was further alleged that on May 18th Hamilton and Prince, through their attorney, represented to Joachim that it was advisable that the contract with Stimson regarding the lands be in the name of Hamilton and Prince, and suggested to Joachim that he release to Stimson his rights under above-mentioned contract of date May 15, 1903, so that Stimson could contract direct with Hamilton and Prince. In accordance with the suggestion of such attorney, Joachim on or about May 18, 1903, did release his rights to Stimson, which he acquired under the contract dated May 15th, and Stimson then contracted direct with Hamilton and Prince.

Plaintiffs in their petition prayed judgment for the various sums of money which they alleged they have been damaged by Hamilton and Prince by reason of the facts above stated, and also prayed that the contract between Stimson and Hamilton and Prince be set aside, annulled and held for naught, and that the original contract between Joachim and Stimson dated May 15, 1903, be reinstated. Upon trial the court rendered judgment in favor of plaintiffs against Hamilton and Prince for the sum of $5,951.18, but in no wise disposed of Stimson or the issue raised by the pleading praying for the cancellation of the Stimson-Hamilton-Prince contract and the reinstatement of the Stimson-Joachim contract. It is too well settled to require the citation of authority that a judgment is not final unless it disposes of all of the parties and issues raised by the pleadings, and it is equally well settled that an appeal cannot be prosecuted unless the judgment rendered is final. From the brief summary given of the pleadings, it will be noted that the judgment rendered does not dispose of Stimson, nor does it dispose of the issue raised as to the respective rights of the parties in the lands under the two contracts.

It is therefore not a final judgment, and the appeal must be dismissed; and it is so ordered.