## HAMILTON et al. v. JOACHIM et al.

(Court of Civil Appeals of Texas. El Paso. Nov. 6, 1913.)

1. **JUDGMENT** (§ 326*)—AMENDMENT—NUNC PRO TUNC.

The court at a subsequent term may enter a judgment nunc pro tunc, or may amend or correct a judgment theretofore entered, provided the entry or amendment extends no further than to formally record some act of the court done at the former term, but the court has no power at a subsequent term to amend a judgment nunc pro tunc so as to evidence the performance of an act which should have been, but was not, performed at the prior term.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 628; Dec. Dig. § 326.*]

2. **JUDGMENT** (§ 326*)—AMENDMENT—NUNC PRO TUNC.

Entry of a judgment nunc pro tunc is not authorized, unless there is an affirmative showing that the court actually rendered the decision at the prior term which it is sought by the nunc pro tunc entry to formally enter on the records of the court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 628; Dec. Dig. § 326.*]

3. **APPEAL AND ERROR** (§ 80*)—FINAL JUDGMENT—DISPOSITION OF ISSUES.

S., owning oil lands, leased them to plaintiff for development, after which plaintiff contracted with defendants H. & P. to furnish certain moneys to develop the land, the oil

developed to be owned by the three in certain proportions. Thereafter plaintiff was induced to release to S. his rights under the lease that S. might contract direct with H. and P., in accordance with which such direct contract was made. Thereafter plaintiff sued to recover damages from H. and P., and also prayed that the contract between them and S. be set aside, and that the original contract between plaintiff and S. be reinstated. *Held*, that the issue as to the cancellation of the contract between S. and H. and P. and the reinstatement of plaintiff's contract with S. was a separate and distinct one, and that a judgment awarding plaintiff damages, and dismissing the action as to S., was not final in that it would not dispose of such issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Suit by S. Joachim and others against H. Hamilton and others. Judgment for plaintiffs, and defendants appeal. Dismissed.

See, also, 146 S. W. 288.

E. R. Spotts, Baker, Botts, Parker & Garwood, and Walter H. Walne, all of Houston, and John C. Matthews, of Lampasas, for appellants. D. H. Triplett, D. F. Rowe, and Leonard Doughty, all of Houston, for appellees.

HIGGINS, J. This was a suit by S. Joachim, for himself, and as temporary administrator of the estate of his deceased wife, in which his five minor children, the heirs of the wife, were also joined as parties plaintiff, against H. Hamilton, H. Prince, and A. E. Stimson, as defendants.

The pleadings are very voluminous, and for the purposes of this opinion it is sufficient to say the petition alleged that Stimson leased certain premises in the Sour Lake oil field, in Hardin county, Tex., to S. Joachim for the development of oil by contract dated May 15, 1903, by the terms of which Joachim was to pay to Stimson one-fourth of the gross output of any oil developed upon the premises. It was further alleged that Joachim entered into a contract and agreement with Hamilton and Prince by which Hamilton and Prince were to furnish certain moneys for the boring of the well upon said premises and the development of oil therein, the oil so developed to be owned by the three last-named parties in certain proportions. It was alleged that Joachim bored the well upon the premises, and developed oil, and that he was thereafter ejected from possession and control of the well and premises by Hamilton and Prince, who had failed and refused to account to him for his share of the proceeds of the oil produced by the well, and the damage by reason thereof is alleged at many thousand dollars. It was further alleged that on May 18th Hamilton and Prince, through their attorney, represented to Joachim that it was advisable that the contract

with Stimson regarding the lands be in the name of Hamilton and Prince, and suggested to Joachim that he release to Stimson his rights under above-mentioned contract of date May 15, 1903, so that Stimson could contract direct with Hamilton and Prince. In accordance with such suggestion Joachim, on or about May 18, 1903, did release his rights to Stimson, which he acquired under the contract dated May 15th, and Stimson then contracted direct with Hamilton and Prince.

Plaintiffs, in their petition, prayed judgment for the various sums of money which they alleged they have been damaged by Hamilton and Prince by reason of the facts above stated, and also prayed that the contract between Stimson and Hamilton and Prince be set aside, annulled, and held for naught, and that the original contract between Joachim and Stimson dated May 15, 1903, be reinstated.

Upon trial the court rendered judgment in favor of plaintiffs against Hamilton and Prince for the sum of $5,951.18, but in no wise disposed of Stimson or the issue raised by the pleading praying for the cancellation of the Stimson-Hamilton-Prince contract and the reinstatement of the Stimson-Joachim contract.

This appeal was formerly before this court, and it was dismissed because the judgment was not final in that it failed to dispose of all of the parties and issues raised by the pleadings. Hamilton v. Joachim, 146 S. W. 288. After the dismissal of the former appeal, the appellees filed a motion in the lower court, in which it was prayed: First, that the original judgment rendered herein be set aside and held for naught, because it was not a final judgment, and that a final judgment be then entered; second, if the court was of the opinion that the original judgment should not be set aside, then that it be amended nunc pro tunc by the addition of an order thereto, dismissing Stimson, with his costs. In response to this motion, the court, on July 19, 1912, entered the following order: "It is therefore ordered, adjudged, and decreed by the court that the judgment of this court of date January 7, 1911, as entered, as the same appears in the minutes of this court, in volume 7, at pages 565, 566, thereof, be and the same is hereby and here now amended and made final in accordance with said motion filed herein May 20, 1912, in the following particular, to wit: That the defendant A. E. Stimson shall be and he is dismissed, and shall go hence without day as to any cause of action alleged against him in the petition of plaintiffs herein nunc pro tunc as to judgment of January 7, 1911. And said dismissal is made as of said January 7, 1911, and is now entered as for then. And in all other respects the said judgment of January 7, 1911, remains in full force and

effect as the judgment of this court in regard to all matters therein adjudicated and entered. And the final judgment of this court in this case is as entered in said volume 7, at pages 565 and 566, of the minutes of this court, together with the further entry this day ordered as herein stated, which further entry shall be in words and figures as follows as a part of said judgment of January 7, 1911, herein. It is further ordered, adjudged, and decreed by the court that the plaintiffs take nothing as to defendant A. E. Stimson, and the cause of action of plaintiffs as to said Stimson is dismissed, and he shall go hence, with his costs against plaintiffs, and have and recover same against plaintiffs, for which let execution issue."

[1] Appellants have again appealed, and their appeal must be again dismissed for the reasons which will now be indicated. The right at a subsequent term to enter a judgment nunc pro tunc or to amend or correct a judgment theretofore entered is clear; but the office of such nunc pro tunc entry is to formally record some act of the court done at a former term, but which, for some reason, was not spread upon the minutes. A judgment cannot be thus amended so as to vary the rights of the parties as fixed by the original judgment pronounced by the court, nor can it be employed to secure at a subsequent term the performance by the court of some act which should have been performed, but which was not in fact done at the term in which the judgment was rendered. The authorities are uniform upon this subject. 1 Freeman on Judgments (4th Ed.) par. 68; 23 Cyc. 866–868; Coleman v. Zapp (Sup.) 151 S. W. 1040; Ft. W. & D. City R. R. Co. v. Roberts, 98 Tex. 42, 81 S. W. 25; Burnett v. State, 14 Tex. 455, 65 Am. Dec. 131; Trammel v. Trammel, 25 Tex. Supp. 261; T. & P. Ry. Co. v. Connor, 13 Tex. Civ. App. 423, 35 S. W. 330; 23 Cyc. p. 866, par. 3; Easthan v. Sallis, 60 Tex. 580; Whittaker v. Gee, 63 Tex. 435; Railway Co. v. Haynes, 82 Tex. 448, 18 S. W. 605; Watson et al. v. Chappell et al., 19 Tex. Civ. App. 685, 48 S. W. 624; Kelly v. Belcher, 1 White & W. Civ. Cas. Ct. App. § 1126; Texas Land & Loan Co. v. Winter, 93 Tex. 560, 57 S. W. 39; Linn v. Arambould, 55 Tex. 611; Mills et al. v. Paul, 1 Tex. Civ. App. 419, 23 S. W. 190; Adams v. Duggan, 1 White & W. Civ. Cas. Ct. App. § 1268; Perkins v. Dunlavy, 61 Tex. 244; Gibson v. Wilson, 18 Ala. 64; Cleveland Leader Printing Co. v. Green, 52 Ohio St. 487, 40 N. E. 201, 49 Am. St. Rep. 725; Whitwell & Hoover v. Emory, 3 Mich. 89, 59 Am. Dec. 220; Harrison v. State of Missouri, 10 Mo. 686.

[2] In order that a nunc pro tunc judgment may ever properly be entered, there should be some affirmative showing that the court actually rendered the decision which it is sought by the nunc pro tunc entry to formally enter upon the records of the court. The trial court and counsel for appellees testified upon hearing of the motion, and their testimony wholly fails to disclose that any order was ever made by the court dismissing as to the defendant Stimson, but, upon the contrary, very clearly, if not conclusively indicates that no such order was made. For a court, at a subsequent time, under the guise of a nunc pro tunc entry, to enter an order which was not in fact pronounced or made is wholly without warrant in law, and the order entered July 19, 1912, was unauthorized and void. As was said by Chief Justice Brown, in Reed v. Robertson (Sup.) 156 S. W. 196: "Nunc pro tunc orders are legitimate, that is, to record what actually occurred, but which was not entered of record, so as to make it disclose the truth. But this procedure reverses the rule, and places on the record what is done now as if done then, making the record speak falsely."

[3] It should be stated, however, that, if the evidence were sufficient to warrant the entry nunc pro tunc of an order of dismissal as to Stimson, the judgment would still be lacking in finality, because of its failure to dispose of the issue raised by the pleadings relating to the cancellation of the Stimson-Hamilton-Prince contract and the reinstatement of the Stimson-Joachim contract. This is an issue raised by the pleadings, quite separate and distinct from the right to recover of Hamilton and Prince the personal money judgment prayed for. A dismissal of Stimson, in so far as he is concerned, would probably eliminate this issue, but not so far as concerns appellees on the one part and Hamilton and Prince on the other part. For the reasons indicated, the judgment is not final, and the appeal must be dismissed.

It is so ordered.