### UNITED STATES FIDELITY & GUARANTY CO. OF BALTIMORE, MD., v. DAVIS. (No. 9355.)

(Court of Civil Appeals of Texas, Ft. Worth. June 5, 1920. Rehearing Denied July 2, 1920.)

Master and servant &#x25C8;&#x2192;419—Mistake justifying correction of award of compensation must be one of fact.

Under Workmen's Compensation Law as amended by Act March 28, 1917, pt. 1, § 12d (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—25), authorizing correction, during the compensation period, on application of any person interested showing a change of conditions, mistake, or fraud, of an award previously made, it is only a mistake of fact, and not one of law, as how much per week can be awarded for a permanent injury, which can be so corrected.

Appeal from District Court, Denton County; C. R. Pearman, Judge.

Motion by the United States Fidelity & Guaranty Company of Baltimore, insurer, for correction of judgment making award to W. W. Davis under the Workmen's Compensation Law. Motion denied, and the insurer appeals. Affirmed.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.
E. I. Key, of Denton, for appellee.

CONNER, C. J. Appellee recovered a judgment against the United States Fidelity & Guaranty Company under our Workmen's Compensation Act, pt. 2, § 5 (V. S. Annotated Civil Statutes, Supp. 1918, art. 5246—44) for $22 per week for 264 weeks after allowing the defendant credit for $180 which it had already paid under a ruling of the Industrial Accident Board. On appeal to this court, the judgment of the trial court was, on the 22d day of March, 1919, affirmed, but, among other things, so reformed as to require the trial court to retain the case upon its docket subject to be modified, changed, or revoked at any time by the court upon application of either party showing a change of conditions, mistake, or fraud, as provided in the Compensation Law. See U. S. Fidelity & Guaranty Co. v. Davis, 212 S. W. 239.

Thereafter, on September 4, 1919, the appellant company instituted the present proceeding by a motion in the trial court, alleging that a mistake had been made in the entry of the original judgment and as reformed by this court in awarding $22 per week for 265 weeks; that the original recovery had been on the ground of permanent disability on the part of Davis, and that for injuries of that character the Compensation Act limiting recoveries at the maximum amount of $15 per week, not to exceed 401 weeks, alone applies; the contention being that section 15a, pt. 1, of the Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—34), which permits, under certain circumstances, an increase of benefits and a diminution of the number of weeks, only applies in cases where the compensation is for a definite sum and for a definite period, such as is provided in article 5246—21 for the loss of an eye, leg, etc., and not to cases where, as here, the injuries were found to be permanent.

The trial court refused to grant the prayer of the motion, and from its order or decree to that effect the present appeal has been prosecuted.

Section 12d, pt. 1, of the act approved March 28, 1917 (General Laws 1917 [article 5246—25]), amending the Compensation Law, provides that judgments of the character originally entered in appellee's favor may, "upon the application of any person interested showing a change of conditions, mistake, or fraud," be reviewed and terminated or corrected so as to diminish or increase compensation previously awarded, etc. But in our

---

&#x25C8;&#x2192;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

judgment a determination of the proper application of this law is wholly unnecessary to a disposal of the present appeal. We therefore do not now feel called upon to discuss the question of whether section 15a of the amendatory act above referred to (article 5246—34, 1918 Supp. V. Stats.) permitting an increase beyond the maximum of $15 per week, to which compensation is generally limited under section 9, pt. 1, of the said amending act (article 5246—17), should or should not be applied to awards or judgments founded upon permanent injuries. That question was involved in the original judgment rendered by the trial court in appellee's favor and reviewed by us on appeal, as stated. The record on the original appeal now before us shows that the original judgment followed and was predicated upon the following verdict of the jury:

"We, the jury, find for the plaintiff as follows: A sum in 265 weekly installments of $22 per week, commencing with November 29, 1917. This in addition to $180 already paid by the defendant."

Said original record further shows that defendant, the present appellant, first requested a peremptory instruction in its favor, to the refusal of which no error was later assigned; and also requested that, in event charge No. 1 was refused, the following instruction be given:

"Gentlemen of the Jury: You are instructed that if you believe from the evidence that a manifest injustice and hardship would result to plaintiff if a certain sum of money were paid to him in weekly installments of not exceeding $15 per week, then in your discretion you may, if in your opinion the amount of compensation thus being paid a week is inadequate to meet the necessities of the plaintiff, you can increase the amount of compensation by correspondingly decreasing the amount of weeks for which the same is to be paid, allowing such discount to the defendant, increasing such payments, as in your opinion would be a just, reasonable, and fair substitute for the amount of money that would be paid at the rate of $15 per week for the number of weeks that you may find the plaintiff would be totally incapacitated from earning a livelihood, and by your verdict you should state the number of weeks that payment should be made and the amount thereof payable per week."

The instruction quoted was given by the court and evidently followed by the jury, and no objection was urged to the increase in amount of weekly compensation as found by the jury. On the contrary, appellant made a motion that judgment be entered in accordance therewith, but made flexible so as to permit correction in the event of changed conditions, mistake, etc., and the court's refusal to so enter judgment was made the basis of appellant's first assignment of error on the former appeal and the reformation made by this court on appeal was in harmony with appellant's complaint that the judgment had not been so made flexible.

It is thus apparent, we think, that the error, if any, in the judgment of the court below now complained of was not only invited by the defendant but also clearly one of law. In other words, it seems clear that the mistake, if any, made the sole basis of the present proceeding, is one of law and not of fact, and as to such mistakes we think section 12d, pt. 1, of the amending act approved March 28, 1917, above referred to, and permitting the reviews of an original award or order allowing compensation under the Workmen's Compensation Act, has no application whatever. The mistake in the original judgment, if any, being one of law, could and should have been corrected, if at all, upon the original appeal. It was too late thereafter on motion under the section just referred to. In 23 Cyc. p. 866, par. 2, it is said:

"A decision which is wrong in law cannot be corrected on motion, and the allowance of an amendment should never be used as a means of reviewing the judgment on the merits or rectifying judicial errors or mistakes. Thus the judgment cannot be modified or amended because as it stands it is not supported by the evidence, or because the conclusions of law on which it is founded are alleged to be erroneous, or to make it conform to what ought to have been done but was not in fact done. And when a statute authorizes the correction of judgments on the ground of 'mistake,' it means mistake of fact, and not of law."

By an extension of this opinion, we could illustrate the conclusion thus noted by quotations from many of the courts, but the law, as stated in the quotation taken from Cyc., seems to be so well and so generally supported that we, in the interest of brevity, content ourselves with citing a few of our own cases in harmony with the text from Cyc. Tynburg & Co. v. Cohen, 67 Tex. 220, 2 S. W. 734; M. P. Ry. Co. v. Haynes, 82 Tex. 448, 18 S. W. 605; Perkins v. Dunlavy, 61 Tex. 241; Hamilton v. Joachim, 160 S. W. 645.

We conclude that the court did not err in denying appellant's motion to correct the judgment, and this conclusion applies as well to appellee's cross-assignment, complaining of the court's refusal to so correct the original judgment as to award appellee his damages in a lump sum, as provided for in the Workman's Compensation Act for permanent injuries.

Judgment affirmed.