J. E. Arrington et al. v. Mrs. Jessie McDaniel et al.

No. 5457. Decided March 12, 1930.
(25 S. W., 2d Series, 295.)

*Ben Powell, Woodward, Gay & Hart* and *F. E. Johnson* for appellants.

The Court of Civil Appeals has no power to correct its judgment after the judgment has been appealed to the Supreme Court, where it has been modified and a mandate has been issued to the District Court. Revised Statutes of Texas (1925) Arts. 1773, 1767, 1768; Chambers v. Hodges, 3 Texas, 517; Ex parte Sibbald v. The United States, 12 Peters, 488, 9 L. Ed., 1167; Isler v. Brown, 69 N. C., 125; McArthur v. Dane, 61 Ala., 539; Meldon v. Devlin, 39 N. Y., App. Div. 581; Meyer v. Kohn, 33 Cal., 484; Ramsey v. McCauley, 9 Texas, 106; Schofield v. Rankin, 86 Ark., 86, 109 S. W., 1161; Smith v. Armstrong, 25 Wis., 517; Texas Pacific Ry. Co. v. Connor, 35 S. W., 330; Thompson v. Hurson, 206 Mich., 139, 172 N. W., 544; 1 Freeman on Judgments (1925) Sec. 142; 15 Ruling Case Law, "Judgments" Sec. 124.

This court should not substitute its reasoning or finding to the effect that the evidence warranted the jury in finding that the total rent on the Arrington estate received by appellant could have been approximately $4500.00 instead of what the jury actually found, to-wit, $2970.00 and reform and correct its judgment herein on said basis, and find for appellees that this court intended to find and did find on said basis for appellees $1800.00 as their two-fifths interest in said rental, as prayed for in appellee's motion, because (1) This court rendered no such judgment, and (2) such finding would not be a correction of a clerical error or mistake of fact, but would be a correction of law or of judicial decision.

Under a motion such as appellees have filed here to correct a judgment the court is powerless to reopen the controversy after closed

by the judgment actually rendered. The inquiry is not what judgment might or ought to be rendered but only what judgment was in fact rendered. M. P. Ry. Co. v. Haynes, 18 S. W., 605; De Camp v. Bates, 37. S. W., 644; Hamilton v. Joachim, 160 S. W., 645; United States Fidelity & Guaranty Co. v. Davis, 223 S. W., 700; Jones et al. v. Casualty Reciprocal Exchange, 275 S. W., 279; Railway Company v. Haynes, 18 S. W., 605; United States Fidelity & Guaranty Co. v. Davis, 223 S. W., 700; Moore v. Toyah Valley Irr. Co., 179 S. W., 550; Fort Worth & Denver City R. R. Co. v. Roberts, 81 S. W., 25; T. & P. Ry. Co. v. Conner, 35 S. W., 330; Watson v. Chappell, 48 S. W., 624; Mills v. Paul, 23 S. W., 190; Hamilton v. Joachim, 160 S. W., 645.

*Hamp P. Abney* and *Hamp P. Abney, Jr.,* for appellees.

A mistake in a judgment may be corrected after the close of the term even after appeal is perfected. De Hymel v. Mortgage Co., 80 Texas, 493, 16 S. W., 311; Article 2229 Rev. Stats., (1925); Rouser v. Wright, 205 S. W., 849; Ramsey v. McCauley, 9 Texas, 105; Brewster v. Norfleet, 22 S. W., 226; Coleman v. Zapp, 105 Texas, 491, 151 S. W., 1040; Waggoner v. Knight, 231 S. W., 357, 10 A. L. R., 534.

Mr. Judge SHARP delivered the opinion of the·Commission of Appeals, Section A.

The Court of Civil Appeals for the Second Supreme Judicial District has certified to the Supreme Court the following questions:

"In this case appellees have filed a motion to correct the judgment. Decision of this court, in which the alleged error occurred, was rendered January 21, 1928. See J. E. Arrington et al. v. Mrs. Jessie. McDaniel et al., 4 S. W., (2d) 262. In the cited case we said:

" 'Appellant testified that he took possession of the land about 1902 and fenced it, and had retained possession ever since; that he claimed said land as his own; that there are some 30 or 40 acres of said land in cultivation, from which he sometimes got one bale of cotton and sometimes two, and sometimes not that much; that last year he got about 300 pounds of seed cotton off of it; that sometimes the rents did not pay the taxes. If there were 60 acres in cultivation, taking Mrs. Arrington's lowest estimate, and the crops raised on the land, or the rentals received therefrom were of the value of $3.00 an acre, then the rent would amount to $180 a year. Appel-

lant had had possession of the land some 25 years, from 1902. This would make the total rent received $4,500, two-fifths of which would be $1800. The question propounded to the jury was:

" 'What amount of rent was collected by the defendant J. E. Arrington from the land in Angelina County, Texas, involved in this suit, since the year 1902.'

"The answer is $2970. There is nothing in the question that authorized the jury to include interest, and we are persuaded that $1800 is the largest amount for which the evidence justifies a judgment for rents. Therefore we will reform the judgment, allowing only $1800 for the rental value of the land during the 25 years of use, instead of $2970.'

"The jury found, as stated in the cited opinion, that J. E. Arrington had collected from the land in Angelina County, involved in this suit, since the year 1902, the sum of $2970. Evidently the inquiry was as to what amount of money was received by J. E. Arrington as rents on all of the land in controversy in Angelina County for the whole time he had it in his possession. This court in rendering its opinion and in requiring a remittitur as a predicate to the reformation and affirmance of the judgment of the trial court, evidently did not consider that the answer of the jury as to the rents received was as to the entire tract and included the interest of all parties. Nor did we consider that the timbered land was valuable for any other purpose than the raising of crops. This court is now of the opinion that it was in error in requiring a remittitur and that the judgment should have been affirmed for two-fifths of the $2970. The jury found that appellant had paid $800 as taxes on all of the land and the court allowed $1,000 for improvements upon all of the land, which makes a total of $1800. The trial court then subtracted $1800 from $2970, leaving $1170, the net amount of money which had been received by the appellant herein. Interest was then computed at 10%, as shown by this court's opinion, which amounted to $1404, which added to the net amount of money received by the appellant made a total of $2574. Of the $2574 appellees were allowed by the trial court to recover $1029.60, which is a less amount than $1800, which this court allowed defendants, appellees herein. Appellees allege that this court never intended that the appellees should recover from the appellant a sum less than $1029.60, as originally allowed them by the trial court, and never intended that they should recover less than $1800. That this court adjudicated and intended to record in its judgment that these appellees were en-

titled to as much as $1800. That in entering the judgment, the court labored under a mistake of facts and the judgment as recorded is not in fact the judgment rendered.

"A writ of error was granted in this case, and the judgment of this court was reformed and affirmed by the Supreme Court. See 14 S. W., (2d) 1009. Appellant prays that this court correct the judgment rendered by it and allow the appellees herein to recover such amount of rents from the land in controversy as the court may determine is just and proper.

"We are not agreed as to whether or not it is in our power to correct the judgment. Associate Justice Buck believes that we can, as evidenced by his opinion, included in the papers of this case. Associate Justice Dunklin does not believe that we have the power to correct the judgment for the reasons indicated in his dissenting opinion. Because of this disagreement, and because we think the question involved is an important one, we hereby certify to your Honors the following questions:

"1. Has this court the power to correct the judgment heretofore rendered by it, provided the error noted is one which may by law be corrected, since the case has been appealed to the Supreme Court and by that court affirmed?

"2. Is the error one subject to correction, after the expiration of the term?"

This suit was instituted in the District Court of Johnson County and was appealed to the Court of Civil Appeals for the Third District. That court, in its statement of the case, says:

"The cause was submitted to a jury on three issues, which, with their answers, are as follows:

" '(1) What amount of rent was collected by the defendant J. E. Arrington from the land in Angelina County, Tex., involved in this suit, since the year 1902? Ans. $2,970.

" '(2) What amount of money did J. E. Arrington receive and collect for timber sold from the lands involved in this suit lying in Angelina County, Texas? Ans. $11,000.

" '(3) What amount of taxes has J. E. Arrington paid on the lands in Angelina County, Tex., involved in this suit, since the year 1902? Ans. $800.'

"The court found that the sum of $2,970, found by the jury to have been collected by the defendant as rents on the lands, had been held by him as executor of said will, and had never been invested for the benefit of the heirs of J. B. Arrington, except that the

defendant had paid taxes on said lands in the sum of $800, as found by the jury, and had made improvements on said lands in Angelina county to the extent of $1,000, leaving a balance due the heirs of $1,170, which, together with interest thereon at the highest rate provided by law, to-wit, 10 per cent. per annum for the average time, amounted to $1,404, making a net amount with interest now due all of said heirs in the sum of $2,574. From this judgment the defendant has prosecuted this appeal."

The Court further says:

"The question propounded to the jury was:

" 'What amount of rent was collected by the defendant J. E. Arrington from the land in Angelina County, Tex., involved in this suit, since the year 1902.'

"The answer is $2,970. There is nothing in the question that authorized the jury to include interest, and we are persuaded that $1,800 is the largest amount for which the evidence justifies a judgment for rents. Therefore we will reform the judgment, allowing only $1,800 for the rental value of the land during the 25 years of use, instead of $2,970.

"\* \* \*

"We find no reversible error, and, appellees' counsel having agreed to the remittitur hereinabove specified, the judgment of the court below is affirmed." (4 S. W., (2d) 264).

The case was appealed to the Supreme Court and a writ of error was granted and was referred to Section B of the Commission of Appeals for a decision. (14 S. W., (2d) 1009). After disposing of the various assignments, the opinion reads:

"We recommend that the judgments of the trial court and of the Court of Civil Appeals be reformed so as to eliminate from the plaintiff's recovery the item for the piano, with interest thereon, and further that such judgments be reformed so that the final judgment will bear interest from and after January 24, 1927, at the rate of 6 per cent. per annum, and as thus reformed that the same be affirmed."

The foregoing opinion of the Commission of Appeals was approved by the Supreme Court.

It, therefore, appears that the judgment of the Court of Civil Appeals has been superseded by the final judgment of the Supreme Court. In compliance with Art. 1773, Rev. Statutes, a mandate was issued to the District Court of Johnson County and to enforce which, execution may issue, and process issued from the Court

of Civil Appeals to enforce its corrected judgment would necessarily conflict with process issued from the Supreme Court to enforce its judgment. The judgment of the Supreme Court disposed of the whole case and was to be enforced by process from that court, and, in our opinion, the failure of appellees to complain of the error in the judgment of the Court of Civil Appeals was a waiver of the right now to complain. There is no ambiguity in the judgment rendered in the Court of Civil Appeals, nor does it appear from any of its recitals that it was not the judgment which the court intended to render. This amendment is an attempt to correct or amend a judicial mistake and not a clerical error or mistake in the entry of the judgment, and Article 2229, Revised Statutes, does not apply. If the proposed amendment should be granted, it would amount to the rendition of a judgment for a different amount from the original judgment by reason that certain evidence introduced upon the trial showed that the amount of the judgment was erroneous and that error occurred by reason of the fact that certain evidence was overlooked and not given consideration.

The opinions and authorities lay down the well recognized rule as follows:

In the case of United States Fidelity & Guaranty Co. v. Davis, (Civ. Apps.) 223 S. W., 700, in an opinion by Chief Justice Conner, it is held:

"The mistake in the original judgment, if any, being one of law, could and should have been corrected, if at all, upon the original appeal. It was too late thereafter on motion under the section just referred to. In 23 Cyc. p. 866, par. 2, it is said:

" 'A decision which is wrong in law cannot be corrected on motion, and the allowance of an amendment should never be used as a means of reviewing the judgment on the merits or rectifying judicial errors or mistakes. Thus the judgment cannot be modified or amended because as it stands it is not supported by the evidence, or because the conclusions of law on which it is founded are alleged to be erroneous, or to make it conform to what ought to have been done but was not in fact done. And when a statute authorizes the correction of judgments on the ground of 'mistake,' it means mistake of fact, and not of law.'

"By an extension of this opinion, we could illustrate the conclusion thus noted by quotations from many of the courts, but the law, as stated in the quotation taken from Cyc., seems to be so well and so generally supported that we, in the interest of brevity, content

ourselves with citing a few of our own cases in harmony with the text from Cyc. Tynburg & Co. v. Cohen, 67 Texas, 220, 2 S. W., 734; M. P. Ry. Co. v. Haynes, 82 Texas, 448, 18 S. W., 605; Perkins v. Dunlavy, 61 Texas, 241; Hamilton v. Joachim, 160 S. W., 645."

In the case of T. P. Ry. Co. v. Connor, 13 Texas Civil App. 423, 35 S. W., 330, the court says:

"The correction of the record to make it express the actual judgment would not be correcting a judicial error, and could have been done after the term from data furnished by the order itself. But it appears that the case had been appealed, and the judgment as originally rendered affirmed, before the motion to correct was made. This leads us to inquire whether or not the motion could be entertained at all under such circumstances. The appeal brought the entire judgment to the court of civil appeals, for revision as to any errors. There is no doubt in our minds that the very correction now sought to be made could have been accomplished in the appeal, upon a cross assignment of error."

Again the court says:

"But in a case where the record, or the very judgment itself, as in the case here, shows the failure to enter the intended judgment, and it could therefore have been corrected, if desired, in the appellate court, the affirmance of the judgment ought to be a finality as to such matter. Missouri Pac. R. Co. v. Haynes, 82 Texas, 457, 18 S. W. 605."

In the case of Hickey v. Behrens, 75 Texas, 495, 12 S. W., 679, the court says:

"It is well settled that the right to amend a judgment is not limited to the term at which it was rendered. The power to correct the records exists in the court, not by reason of its continued jurisdiction over the subject matter, but by virtue of its continuing power over its records. Blum v. Neilson, 59 Texas, 380. In Ramsey v. McCauley, 9 Texas, 106, 58 Am. Dec., 134, a judgment rendered at the Spring Term, 1850, was amended at the Fall Term, 1852, *and it was there said that an amendment might be made at any time before final judgment in the Supreme Court.*"

The following rule is laid down in 15 R. C. L., page 673, section 124:

"An amendment of a judgment can be allowed only for the purpose of making the record speak the truth, and not for the purpose

of revising or changing the judgment, or for the purpose of correcting an error of law therein contained."

The same rule is expressed in Volume 1, Freeman on Judgments (1925), section 142, page 277:

"Where there is nothing to show that the judgment entered is not the judgment ordered by the court, it cannot be amended. On the other hand, it is certain that proceedings for the amendment of judgments ought never to be permitted to become revisory or appellant in their nature; ought never to be the means of modifying or enlarging the judgment or the judgment record, so that it shall express something which the court did not pronounce, even although the proposed amendment embraces matter which ought clearly to have been so pronounced."

In the case of Meldon v. Devlin, 39 N. Y. (App. Div.) 581, (1899), the court says:

"After that appeal has been taken and the judgment has been affirmed by the appellate court, the power of the Special Term over it is gone. It would not do to permit an alteration of a judgment in a material matter after the time to appeal from it had expired and especially when the rights of the parties had been settled by a determination of the appellate court. If that practice were allowed, it would be impracticable to know when the rights of the parties were settled by an adjudication of the court."

In view of the record set out above and the foregoing authorities, we answer Question No. 1 "No."

It is the settled rule of law in this state that a court rendering a judgment may correct a clerical but not a judicial error after the term in which the judgment was rendered has expired. We are of the opinion that in this case the error, if any, was committed by the court and not by the clerk. Furthermore, the record discloses that counsel for appellees agreed to the remittitur required by the Court of Civil Appeals in its judgment.

The decisions of the courts of this state also hold that a court may not correct its judgment after the term in which the judgment was rendered, except where the judgment as entered on the records of the court is not the judgment rendered by the court.

In the case of Coleman v. Zapp, et al., 105 Texas, 491, 151 S. W., 1040, the Supreme Court says:

"A proceeding of such character, whose only purpose is to have the judgment entry speak truly the judgment as rendered, neither asserts nor seeks the enforcement of any new right. It presents no issue between the parties except in respect to the accuracy of the

record, and otherwise involves the adjudication of nothing between them. It is powerless to re-open the controversy as closed and sealed by the judgment, and makes no such attempt. The inquiry under it is not what judgment might or ought to have been rendered, but only what judgment was rendered; and such is the sole issue to be determined. If an amended or corrected entry be ordered the status of the parties and their relative rights, as decreed and fixed by the judgment, remains untouched and unaltered, in no sense adjudicated anew, but only judicially evidenced as originally determined."

Again, the court says:

"It should also be noted that this proceeding did not have for its purpose the correction or amendment of the judgment rendered by the court as distinguished from the entry of the judgment upon the minutes. It sought only to amend the entry, nunc pro tunc, so as to include that which was omitted and thereby afford a faithful record of the whole judgment. In other words, it did not seek the amendment or correction of a judicial mistake as distinguished from a clerical mistake or omission."

After discussing the cases of DeCamp v. Bates, 37 S. W., 644, and Missouri Pac. Ry. Co. v. Haynes, 82 Texas, 448, 18 S. W., 605, the court further says:

"These two cases well illustrate the distinction which lies clearly defined between a suit to correct a judgment because of a mistake of the court in its rendition, whereby an improper judgment is rendered but its entry is in accordance with the rendition, and a proceeding to correct or supply the minutes of the court so as to have them truly recite the judgment actually rendered. To correct in the trial court, after adjournment of the term, a judgment as rendered, an independent action is necessary as its jurisdiction of the case is at an end."

In the case of Missouri Pac. Ry. Co. v. Haynes, 18 S. W., 605, the court held:

"The first error assigned by the company for our consideration was that the court below erred in its first conclusion of law in finding that the mistake by the district court in not including the six bales of cotton was a clerical mistake that could be corrected on motion at the succeeding term, because the facts show that the same was not a clerical error, but was, if an error at all, an omission of the consideration of evidence in the case, and plaintiffs' remedy, if any, was by motion for a new trial during the term. We believe that this assignment of error is well taken. The oversight of the court was not of that character that could be corrected after the term by

motion under the statute. It was a judicial mistake, and could be corrected only by motion for a new trial or appeal."

Again, the court says:

"We do not think this is a case where such relief can be granted. To do so the original judgment must be set aside. As affirmed by the supreme court, it is res adjudicata of the matters involved in the controversy."

Again, the court says:

"Defendants, after discovery of the error, sought to amend the judgment by motion, and relied on that amendment even after the supreme court had refused to allow it to be incorporated in the record before them, and had affirmed the original judgment. There has been no legal revision of that judgment. It still stands, and is res adjudicata of the matters sought to be again litigated by defendants in this case."

In the case of Hamilton et al. v. Joachim et al., 160 S. W., (Civ. App.) 647, the court says:

"The right at a subsequent term to enter a judgment nunc pro tunc or to amend or correct a judgment theretofore entered is clear; but the office of such nunc pro tunc entry is to formally record some act of the court done at a former term, but which, for some reason, was not spread upon the minutes. A judgment cannot be thus amended so as to vary the rights of the parties as fixed by the original judgment pronounced by the court, nor can it be employed to secure at a subsequent term the performance by the court of some act which should have been performed, but which was not in fact done at the term in which the judgment was rendered. The authorities are uniform upon this subject. 1 Freeman on Judgments (4th Ed.) par. 68; 23 Cyc., 866–868; Coleman v. Zapp (Sup.) 105 Texas, 491, 151 S. W., 1040; Ft. W. & D. City R. R. Co. v. Roberts, 98 Texas, 42, 81 S. W., 25; Burnett v. State, 14 Texas, 455, 65 Am. Dec., 131; Trammell v. Trammell, 25 Texas, Supp. 261; Texas & P. Ry. Co. v. Connor, 13 Texas, Civ. App., 423, 35 S. W., 330; 23 Cyc., p. 866, par. 3; Eastham v. Sallis, 60 Texas, 580; Whittaker v. Gee, 63 Texas, 435; Railway Co. v. Haynes, 82 Texas, 448, 18 S. W., 605; Watson et al. v. Chappell et al., 19 Texas, Civ. App. 685, 48 S. W., 624; Kelly v. Belcher, 1 White & W. Civ. Cas. Ct. App. sec. 1126; Texas Land & Loan Co. v. Winter, 93 Texas, 560, 57 S. W., 39; Linn v. Arambould, 55 Texas, 611; Mills et al. v. Paul, 1 Texas, Civ. App. 419, 23 S. W., 190; Adams v. Duggan, 1 White & W. Civ. Cas. Ct. App., sec. 1268; Perkins v. Dunlavy, 61 Texas, 244; Gibson v. Wilson, 18 Ala., 64; Cleveland Leader Printing Co. v. Green, 52

Ohio St., 487, 40 N. E., 201, 49 Am. St. Rep., 725; Whitwell & Hoover v. Emory, 3 Mich., 89, 59 Am. Dec., 220; Harrison v. State of Missouri, 10 Mo., 686."

From the foregoing authorities, it seems to follow that the error, if any, was one made by the court and is not one that can be corrected after the expiration of the term in which the judgment was rendered. There is no question that the judgment, as entered, is the judgment which the court rendered. If there is any correction, it must be in the judgment as rendered and not in its entry. We believe that the authorities above cited show that the correction cannot be made after the expiration of the term in which the judgment was rendered. We answer Question No. 2 "No."

We, therefore, recommend that the questions certified be answered as above shown.

Opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.