Norman HAMILTON, Appellant,

v.

Cleo Mason HAMILTON, Appellee.

No. 14768.

Court of Civil Appeals of Texas.

Dallas.

June 8, 1956.

Wynne & Wynne, Angus G. Wynne and William A. McKenzie, all of Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin, and Royal H. Brin, Jr., all of Dallas, for appellee.

YOUNG, Justice.

On March 20, 1956 appellee filed a motion seeking to have us " * * * correct the judgment entered in this Honorable Court as shown by the minutes of this Honorable Court * * *."

Our judgment of May 7, 1954, reversing and rendering above cause, recited in part: " * * * that a constructive trust is hereby declared to exist in favor of the said appellant, Norman Hamilton, on any of the property of the said William B. Hamilton, deceased, which is or shall come into the possession of the appellee, Cleo Mason Hamilton, individually or as Independent Executrix *or Administratrix* of the Estate of William B. Hamilton; and that the said appellee, Cleo Mason Hamilton, deliver over to the said appellant, Norman Hamilton, all the property of the said William B. Hamilton which has come into her possession individually or as Independent Ex-ecutrix *or Administratrix* of the Estate of William B. Hamilton." (Emphasis our.)

Substance of the motion is that the emphasized words "or Administratrix" should be deleted because Cleo Mason Hamilton, as Temporary Administratrix of the Estate of W. B. Hamilton, deceased, has never been made a party hereto in any pleading; that this Court has thus inadvertently made Mrs. Hamilton a new party on appeal in such capacity; and prays that the record be duly corrected to speak the truth.

Factual background of the litigation has been heretofore stated, both in above opinion, Tex.Civ.App., 296 S.W.2d 491, and in the Supreme Court opinion of affirmance, 154 Tex. 511, 280 S.W.2d 588, reference to which is here made; and no repetition of facts is required save in the following particulars: We will continue to denominate the two actions (filed separately) as the will contest and the contract suit. In County Probate Court on January 17, 1952, was filed cause No. 32,777–P by Mrs. Cleo Mason Hamilton, seeking to probate a second will of W. B. Hamilton, dated May 16, 1951, wherein she was named as Independent Ex-ecutrix. Due contest was filed therein by Norman Hamilton, the will allowed probate, and appealed by contestant to 95th District Court; Mrs. Cleo Hamilton in the interim having been appointed Temporary Administratrix in Probate Court, which proceeding is still pending. In October 1952, was filed the contract suit by Norman Hamilton alleging invalidity of his father's 1951 will perforce of earlier and mutual wills made by said testator and first wife, Mary Lou Hamilton, deceased; naming as defendant, Cleo Mason Hamilton "individually and as Independent Executrix" of the Estate of W. B. Hamilton.

On trial of the two suits, consolidated by agreement, Judge Peurifoy on March 12, 1953 entered judgment for Norman Hamilton in accordance with jury issues and answers; and in the Court's decretal *for the first time* appeared the term "or Administratrix" in further fixing the representa-

tive capacity occupied by Mrs. Hamilton in the matter of the W. B. Hamilton estate. Counsel for movant (appellee) filed lengthy motion and amended motion for new trial, making many objections and exceptions to this March judgment, but none because of the inclusion of the word "administratrix." The motions were argued with further opportunity to complain in this respect. Thereafter, Judge Peurifoy entered the Reformed Judgment of April 24, 1953, setting aside his original judgment and rendering one non obstante veredicto in favor of Mrs. Hamilton on the sole ground of estoppel; which latter judgment was duly appealed and came on to this Court for review. Our conclusion was that the cause should be reversed and rendered; holding that the trial court should have rendered judgment in accordance with the jury answers; in other words, in terms of the entry of March 1953; and we naturally looked to the language of that judgment for recitals appropriate to our own judgment. The fact that Mrs. Hamilton was not a party hereto in her further capacity of Temporary Administratrix was in no wise called to our attention and accounts for the use of the words "or Administratrix" in the minutes of this Court.

However, all above occurrences were of a former term; jurisdiction of the contract suit having long since been assumed by our Supreme Court, and there affirmed with mandate issuing directly from that tribunal to the District Court. And at this juncture it is our conclusion that the relief prayed for herein is not authorized by Rules 316, 317, Texas Rules of Civil Procedure, by mere motion. Our judgment entry of May 7, 1954 (though now seen to be erroneous in containing the words "or Administratrix"), was an entry advertently made; becoming a judicial mistake rather than in nature of a clerical error. Under authority of Arrington v. McDaniel, Tex.Com.App., 119 Tex. 148, 25 S.W.2d 295, 297, appellee's motion cannot be entertained; the Supreme Court-adopted opinion there holding, in part:

"It therefore appears that the judgment of the Court of Civil Appeals has been superseded by the final judgment of the Supreme Court. In compliance with article 1773, Rev.St., a mandate was issued to the district court of Johnson county, and to enforce which execution may issue, and process issued from the Court of Civil Appeals to enforce its corrected judgment would necessarily conflict with the process issued from the Supreme Court to enforce its judgment. The judgment of the Supreme Court disposed of the whole case, and was to be enforced by process from that court, and, in our opinion, the failure of appellees to complain of the error in the judgment of the Court of Civil Appeals was a waiver of the right now to complain. There is no ambiguity in the judgment rendered in the Court of Civil Appeals, nor does it appear from any of its recitals that it was not the judgment which the court intended to render. This amendment is an attempt to correct or amend a judicial mistake and not a clerical error or mistake in the entry of the judgment, and article 2229, Revised Statutes, does not apply."

Since the words "or Administratrix" were already in the record as it came to us from the trial court, and no complaint was made about the use of said words in the trial court or in this Court until the filing of this motion, the inclusion of the words in the judgment of this Court cannot be classified as a mere clerical error. We do not here pass on the question whether the use of the words in question was a clerical error in the records of the trial court. But under the circumstances presented by this record on appeal we are of the opinion that this Court does not have jurisdiction to pass on the merits of the motion. In Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, at page 1042, the Supreme Court said:

"These two cases well illustrate the distinction which lies clearly defined be-

tween a suit to correct a judgment because of a mistake of the court in its rendition, whereby an improper judgment is rendered but its entry is in accordance with the rendition, and a proceeding to correct or supply the minutes of the court so as to have them truly recite the judgment actually rendered. To correct in the trial court, after adjournment of the term, a judgment as rendered, an independent action is necessary, *as its jurisdiction of the case is at an end."* (Emphasis ours.) See also Hannon v. Henson, Tex.Civ. App., 7 S.W.2d 613; Johnson v. Sovereign Camp W. O. W., 125 Tex. 329, 83 S.W.2d 605; and Sherstad v. Brown, Tex.Civ.App., 257 S.W.2d 454.

The motion is dismissed for want of jurisdiction.

CRAMER, J., not sitting.