E. H. CONRAD v. THE STATE.

No. 23886. Delivered January 28, 1948.
Rehearing Denied March 24, 1948.

*Lawrence L. Bruhl,* of Llano, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by a jury for driving while intoxicated and fined the sum of $50.00.

Although there was conflicting evidence presented herein, the jury saw fit to credit that of the State, corroborated as same was by certain circumstances, and we think there was sufficient testimony upon which their verdict can be based.

Bill of Exceptions No. 1 complains because the trial court overruled his suggestion that the County Court of Llano County was not lawfully in session on the 19th day of August, 1947, and therefore had no jurisdiction to try this cause. The caption herein shows that this cause came on for trial at the term of court "begun and held * * * on the 7th day of July, A. D., 1947", and there is no testimony shown herein relative to the length

of such term. However, in the motion to dismiss this cause, which is the basis of Bill No. 1, it is stated therein that the July term of court expired on July 26, 1947, and we are left without any further showing as to the length of the July term of court. We therefore cannot appraise this bill.

Bill of Exceptions No. 2 complains because the trial court overruled appellant's motion to quash the jury panel presented herein because it was claimed that these jurors were selected by a jury commission appointed at the January term of such court for the July term thereof; and again, it was claimed that such July term had expired on July 26, 1947; it also being further claimed that such jury list was not signed nor sworn to by any member of such jury commission, and that there was no record of such selection. To support these allegations, we find no proof offered of any kind, and such being allegations only and susceptible of proof, we are constrained to hold that this bill is incomplete and insufficient. These allegations may be true, but they are merely allegations and some proof thereof should be shown herein before they can be taken as true.

Bill of Exceptions No. 3 arose in the following manner: Appellant was arrested by two highway patrolmen. His wife, who was present at such time, testified as to his condition. She said that he went willingly and peacefully with such patrolmen, and at such time there was nothing wrong with his face. She saw him again about one and a half hours later, and "he was bleeding from the head. His eyes were swollen, and he had several cut places on his head." She said that her husband never abused the officers in any way that she saw. Over appellant's objection, he was caused to testify that he got in the car with the officers to go to jail; that he tried to talk them out of going to jail as he knew he was not drunk; he could not do that, so he finally got mad and cursed them pretty badly; that one of them slapped him and the other hit him with a blackjack and he bled pretty badly and he was pretty mad. The State, in rebuttal, called the officers who testified that after giving them a personal cursing the appellant struck at them, and they struck him with their hands and quieted him. We think Art. 728, C. C. P. is authority for the admission of such testimony. Appellant's wife gave the first testimony relative to her husband's condition when she saw him at the jail, and we think the State could give its version of such act, a part of which had been offered by appellant; and further, his actions at such time could have had some weight with the jury relative to his intoxicated condition.

To the same effect is Bill No. 4 relating to like testimony upon the part of the other patrolman; and in accord with what we have said relative to Bill No. 3, this bill is overruled.

Bill No. 5 relates to the testimony of the County Judge in which he testified to a certain order passed by the Commissioners' Court on June 9, 1947, changing the terms of the County Court of Llano County. The order was then read by the County Judge, it being in substance that there should be four terms of said County Court, such terms beginning on the first Monday in January, April, July and October, and each term continuing up to and including the Saturday immediately preceding the Monday for convening the next regular term, such order becoming effective with the July term, 1947. It was shown, however, that such order, although duly passed, was not handed to the clerk of the court (who was also the County Clerk) and was not placed in the minutes of such Commissioners' Court until August 8, 1947. This testimony was objected to on many grounds, one of them being that it was an effort upon the part of the State to prove up by parol testimony the minutes of the Commissioners' Court when such minutes should have been made a matter of record and were neither provable nor amendable by parol testimony. It was further shown by the County Judge's testimony that such order was through inadvertence and mistake not handed to the clerk for entry on the minutes of such court until August 8, 1947, and that such order, as finally entered on that date, was to take effect with the July term, 1947, this cause being tried on August 19, 1947.

In 11 Tex. Jur. p. 571, sec. 42, it is said:

"The requirement that every official act of the commissioners' court shall be evidenced by an order entered upon the minutes of the court has been modified to the extent that where an order is shown to have been actually made by the court, and has been acted upon, the omission of the clerk to record the order will not render it or the acts done in pursuance thereof void. Although an order of the commissioners' court has never been entered upon the court's minutes, it may nevertheless be proved by parol evidence and given effect. The rule is necessarily different where an order is required by the terms of a special statute to be entered of record, or where a general statute declares that such order shall be void unless recorded. * * * However, if the court fails to place an order upon the minutes at the time when it is made, as required by law, the order may be entered upon the minutes at a subsequent regular or special session."

It was also shown that this order was finally placed on the minutes at a regular term of the Commissioners' Court, the same being convened on August 4, 1947.

We see no error presented herein, and the judgment will be affirmed.

## ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing appellant earnestly insists that in our original dispostion of this case we erred in two respects, first, in sustaining the action of the trial court in declining to sustain his motion to quash the jury panel for the term, and second, in declining to sustain his contention that he was tried and convicted at a time when the court was in vacation. It appears from the stipulation in the record that the jurors were selected by the jury commissioners for the July Term of court but was not certified under the hand of the commissioners to be the list drawn by them. Here, we have appellant agreeing that the jurors by whom he was tried and convicted were drawn by a jury commission appointed by the court at the January Term as required by law. The only ground of objection upon which he contends the jury panel should have been quashed is that the list was not certified to by them. We do not regard that part of the statute mandatory but rather directory. If the envelopes were properly indorsed, which we must presume in the absence of any evidence to the contrary, the fact that the jury commissioners failed to certify to the list of jurors selected would be cured by an indorsement on the envelope. See Giebel v. State, 12 S. W. 591 (28 Tex. App. 151).

Touching the question of appellant's contention that he was tried while the court was in vacation, it appears from the stipulation that the commissioners court on the 9th day of June, 1947, while in regular session, passed an order extending each term of court to the Saturday preceeding the Monday of the beginning of the succeeding term, which extended the July Term of said court through the month of August. This order, although duly passed, was not entered upon the minutes of the Commissioners Court by the clerk until the 8th day of August, 1947. Appellant was placed on trial on the 19th day of August, 1947, at which time he challenged the legal authority to try him. When the order was passed by the Commissioners Court, it became the judgment of the court while the recording or the transcribing of the order on the minutes was but a ministerial

act of the clerk. See Watson et al v. Chappell et al, 48 S. W. 624. The recording of the order was merely evidence of what the court actually did relative to the matter under consideration. It was agreed that the order as recorded was the order passed by the Commissioners Court. We think that the failure to enter the order of the Commissioners Court at the June Term at which it was passed could not have injuriously affected his rights, and if error, it was harmless error.

The motion for rehearing is overruled.

Opinion approved by the Court.