## JOHN WEST V. THE STATE.

No. 23976. Delivered March 24, 1948.
Rehearing Granted April 28, 1948.

*Lawrence L. Bruhl,* of Llano, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

On a former day of this term of court we affirmed the judgment of the trial court in this case because the record was before us without a statement of facts or bills of exception. Since then, appellant has filed a motion for a rehearing properly verified by himself and his attorney in which he alleges that he did file a statement of facts with the clerk of the court below within the time prescribed by law but the clerk inadvertly failed to forward the same with the transcript to this court. The statement of facts has been forwarded to this court and shows that it was filed in the court below within due time. The clerk of the court also certifies that it was filed in due time. Therefore, the motion is granted and the case will now be considered and disposed of on its merits.

The offense is hunting deer with a headlight. The punishment assessed is a fine of $50.00.

This prosecution is brought under Art. 902, Vernon's Ann. P. C., which prohibits the hunting of deer at nighttime by the aid of what is commonly known as a headlight or hunting lamp, or by artificial light attached to an automobile, or by means of any form of artificial light, and provides that the possession of a headlight, or any other hunting light used on or about the head when hunting at night, between sunset and one-half hour before sunrise, by any person hunting in a community where deer are known to range, shall be prima facie evidence that the person found in possession of said headlight or other hunting light is a violation of the provisions of this article.

Appellant contends that the evidence is insufficient to sustain his conviction. The evidence adduced by the State, briefly stated, shows that on the night of January 11th, 1947, at about 11:30 P. M., two game wardens heard a shot on the Kingsland Cut-off road which intersects the Austin Highway. They noticed that an automobile had stopped and they saw a light flashing to the rear thereof; that when they approached the automobile, they saw three men and they saw one of the men throw something away. The officers searched the automobile and found a headlight on the floor, about fifteen or twenty shotgun shells in the glove compartment of the car, a box of Winchester shells which had been opened. They also found one empty 30-30 shell in the car and a 30-30 rifle behind the back seat. The officers took charge of the shells, gun and headlight. The officers then examined the ground about twenty yards from where the car had been parked and found a battery and when attached to the headlight it would burn. That section is a place or community where deer are known to range.

Appellant denied that he and his companions were hunting deer on the night in question. He contended that they were on their way to South Texas to hunt birds the next day.

It will be noted that the State's case rests upon circumstantial evidence and the court so instructed the jury. However, it must be borne in mind that a headlight was found in the car and a battery which could be attached to the headlight was found about twenty yards from the car where one of the men had thrown something away. This justified the conclusion that one of the men threw the battery away. Therefore, when the prima facie evidence rule is applied the State made its case

and the burden rested upon appellant to rebut and overcome the prima facie case. This he attempted to do and thereby raised an issue of fact which the jury decided adversely to him.

Appellant objected to the second paragraph of the court's charge on the ground that it was a charge on the weight of the evidence. With this contention, we cannot agree.

His next complaint relates to the action of the trial court in overruling his motion to quash the jury panel for the term. This same question was before this court in the case of Conrad v. State, 209 S. W. (2d) 355, where the question was discussed at length and we see no need to reiterate what we said therein on the subject.

Having reached the conclusion that the record fails to reflect any reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.