Jerry Don PLESS, Appellant,

v.

The STATE of Texas, Appellee.

No. 55567.

Court of Criminal Appeals of Texas,
Panel No. 3.

Dec. 20, 1978.

Rehearing En Banc Denied Feb. 7, 1979.

Barry P. Helft, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Fred C. McDaniel and James D. Burnham, Asst. Dist. Attys., Dallas, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder. After hearing evidence at the punishment stage, including proof of appellant's prior robbery conviction, the jury assessed punishment at twenty-five years.

Appellant contends that the State improperly bolstered testimony previously given by the accused on cross-examination; that the court erred by failing to give an instruction on the issue of intent to kill; and that a juror was erroneously allowed to question one of the State's witnesses. We affirm.

The State's evidence showed that on August 30, 1975, appellant dragged his wife Linda Pless from the passenger seat of the pickup of another man, then beat her and either threw her against some unknown flat object or hit her with such an object. This treatment resulted in her death.

Appellant's first contention is that the State should not have been allowed to introduce evidence in rebuttal which had a tendency to bolster damaging evidence elicited by the State during its cross-examination of appellant.

Appellant testified on direct examination that he could not remember anything that happened during the time after he pulled his wife from the truck until "she was laying on the floor [of her aunt's house nearby] and I seen a puddle of blood there." On cross-examination appellant admitted that he *did* remember that he chased his wife to some neighbors' house on Wisteria Drive a few weeks after his wife gave birth to her second child.[1] He also remembered that his wife was nude, that she ran into the neighbors' house to hide, that the neighbors would not let him in, and that he pounded on the front door of the house. Appellant denied that he intended to knock down the door or that he threatened to hurt someone if he wasn't allowed inside the house.

After appellant rested, the State called Floy Latham, who testified that she had been a neighbor of appellant and his wife a year and a half or two years previously; her address was 4957 Wisteria Drive. She testified that sometime after the second Pless child was born, appellant's wife, who was nude, ran into her house and tried to hide under a bed but was unable to do so. Linda then went into the bedroom where Latham and her husband were sleeping; Latham testified that Linda was able to get under that bed.

Linda told the Lathams that her husband was going to kill her and she needed help. As a result, the Lathams bolted their front door, and Mr. Latham stood against it. Appellant came to the door, banged on it, and demanded that he be allowed inside. According to Latham, appellant told her husband through the door, "Get out of the way, I don't want to have to hurt you, Jack, but that's my wife in there and I'm coming in."

"Bolstering" occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. E. g., *Lyons v. State*, 388 S.W.2d 950 (Tex.Cr.App.1965); *Acker v. State*, 421 S.W.2d 398 (Tex.Cr.App.1967); *Frison v. State*, 473 S.W.2d 479 (Tex.Cr. App.1971). The testimony complained of by appellant does not fall within this rule. Latham was put on the stand to *rebut* appellant's statement that he made no threat on the night he chased his wife to the Latham house. That Latham repeated some of the facts testified to by appellant is insignificant here, since they were a necessary predicate to and part of her rebuttal testimony. Art. 38.24, V.A.C.C.P.; compare *Conrad v. State*, 151 Tex.Cr.R. 462, 209 S.W.2d 355 (1948). Appellant's contention is overruled.

---

1. The record reflects that this child was born in July 1973.

Next, appellant contends that the court erred by failing to instruct the jury on the issue of intent to kill. Appellant did not object to the charge on this ground. Moreover, the jurors were charged that they must find that appellant intentionally or knowingly caused the death of his wife. This was sufficient. Appellant's second contention is overruled.

Finally, appellant contends that the court erred by allowing a juror to ask a question of one of the State's witnesses. He argues that this exchange violated the provisions of Article 36.27, Vernon's Ann.C. C.P., which requires that all communications between the jury and the court be in writing. Even if we assume that the question was within the proscriptions of Article 36.27, we cannot conclude that error has been properly presented to this Court, since appellant failed to object to the question or to the witness's answer. *Verret v. State*, 470 S.W.2d 883, 887 (Tex.Cr.App.1971); *Calicut v. State*, 503 S.W.2d 574 (Tex.Cr.App. 1974). This contention is overruled.

We have also reviewed appellant's pro se contentions; they are without merit.

The judgment is affirmed.