Kenneth Ray IRVING, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–90–00622–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 2, 1991.

Henry K. Oncken, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated sexual assault. TEX.PENAL CODE ANN. § 22.021. He was convicted and the jury assessed punishment, enhanced under TEX.

PENAL CODE ANN. § 12.42(d), at imprisonment for fifty years. We affirm.

On February 1, 1989, the complainant was standing in front of the Target store where she worked when appellant drove up in a car and ordered her to get in. Appellant had a jacket draped over his right hand and was pointing his hand at the complainant. Believing appellant had a gun, the complainant complied with his demand. Appellant drove the complainant to a metal barn located on an isolated dirt road. There, he repeatedly raped her. During the assault, the complainant was able to observe the license number of appellant's car. After the attack, appellant drove the complainant to Highway 6, where he pushed her out of the car while stopped at a traffic light. The complainant was picked up by a passing motorist who drove her home. The police were called a short time later.

The complainant told a Harris County deputy sheriff what had happened and gave him a description of appellant and the license plate number of appellant's car. The car was traced to Roger Swaminathan. Swaminathan and appellant worked together at a Grandy's restaurant on Highway 6. Swaminathan testified that he loaned his new car to appellant on the date in question. When appellant returned the car, it was scratched and covered with mud. When questioned by Swaminathan, appellant made comments to the effect that he had sex with somebody. Appellant was eventually arrested and charged with the present offense.

■ In his sole point of error, appellant contends the trial court erred in permitting the State to improperly bolster the testimony of the complainant with respect to her identification of appellant.

■ The general rule is that third-party testimony of an extrajudicial identification by a complainant is not admissible to support the complainant's own identification testimony. *Sledge v. State*, 686 S.W.2d 127, 129 (Tex.Crim.App.1984) (citing *Lyons v. State*, 388 S.W.2d 950 (Tex.Crim.App.1965)). Such evidence constitutes corroboration where none is required and simply bolsters the complainant's identification. *See Id.* "Bolstering" occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *Pless v. State*, 576 S.W.2d 83, 84 (Tex.Crim.App. [Panel Op.] 1978). Third-party testimony as to an extrajudicial identification is admissible only where it serves to rehabilitate a complainant's identification testimony that has been subjected to impeachment. *Sledge*, 686 S.W.2d at 129.

Appellant complains about the testimony of Harris County Deputy Sheriff Watson Davis. Deputy Davis testified over appellant's objection, that he prepared a photo array which included a photograph of the appellant. He further testified that he showed the photo array to the complainant. Appellant argues that this testimony impermissibly bolstered the complainant's previous in-court identification of appellant. Appellant points out that he did not attempt to impeach the complainant's identification testimony.

We note that Deputy Davis did not testify that the complainant identified appellant in the photo array. While we do not believe it is likely the jury concluded from the deputy's testimony that the complainant identified appellant in the photo array, the Court of Criminal Appeals has held under similar circumstances that this type of testimony constitutes improper bolstering. *Washington v. State*, 771 S.W.2d 537, 545 (Tex.Crim.App.1989). As in *Washington*, however, we find that any error in admitting the deputy's testimony is harmless beyond a reasonable doubt. TEX.R.APP.P. 81(b)(2).

■ In applying the harmless error rule, a reviewing court should not focus upon the propriety of the outcome of the trial. *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App.1990); *Higginbotham v. State*, 807 S.W.2d 732 (Tex.Crim.App.1991) (not yet reported). Instead, an appellate court should be concerned with the integrity of the process leading to the conviction. Consequently, we must examine the source

of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its collateral implications. In addition, we must consider how much weight a juror would probably place upon the error and whether declaring the error harmless would encourage the State to repeat it with impunity. 790 S.W.2d at 587.

The source of the error in the instant case is the deputy's testimony that the complainant viewed a photo array which included a photograph of appellant. This testimony was after the complainant unequivocally identified appellant at trial. The nature of the error is that the deputy's testimony, by inference, added weight to the complainant's unimpeached testimony that the appellant was the individual who committed the crime. The State, however, did not emphasize the deputy's testimony or the issue of appellant's identity during jury argument or at any other time during the trial (except, of course, during the complainant's prior identification testimony).

The collateral implications, if any, arising from the error are minimal since appellant's identity was not disputed. In fact, appellant admitted at trial that he had sexual relations with the complainant on the date in question but said it was with her consent. Since the issue of appellant's identity was not contested, it is doubtful that the jury considered the deputy's testimony as persuasive evidence of appellant's guilt. Certainly, it is difficult to see how Deputy Davis's testimony played any part in the outcome of the trial. Thus, declaring the error harmless will not present a risk that the State will repeat its conduct given the State has nothing to gain by the admission of such testimony.

Upon a review of the record, we conclude that a rational trier of fact would not have reached a different result if the error had not occurred. *See Harris*, 790 S.W.2d at 588. We are convinced beyond a reasonable doubt that the error, if any, made no contribution to the conviction or to the punishment. Tex.R.App.P. 81(b)(2). Accordingly, we overrule appellant's point of error and affirm the judgment of the trial court.

J. CURTISS BROWN, Chief Justice, concurring.

I concur in the result only. I acknowledge that the so called "bolstering" rule is well settled in Texas and has been since time immemorial. However, in my opinion it is incredibly silly, unjust, and contrary to the public interest. The art of advocacy is persuading the finder of fact that your position is correct. That someone may give unimpeached evidence should not prevent other evidence from being admitted to establish the same fact. The State having a burden of proof beyond a reasonable doubt surely has the right to offer all relevant admissible evidence be it testimonial or documentary. I recognize, of course, that the trial court should have some discretion to prevent undue repetition. However, the so called "bolstering" rule as it has been applied in Texas has no basis in reason. It is to be hoped that our Court of Criminal Appeals will review this rule and overrule it.