IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-368-CR




CARLOS MANNING,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 43,964, HONORABLE C.W. DUNCAN, JR., JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated robbery. Tex. Penal Code Ann.
§ 29.03 (West 1994). (1) The district court assessed punishment at imprisonment for forty years.

 On November 10, 1993, two men entered a video rental store in Killeen and robbed
the cashier, Jennifer Grey, at gunpoint. Grey testified that both robbers were clean-shaven and
that she did not recall either man having a noticeable accent. Grey identified appellant, who was
bearded at trial, as one of the robbers.

 Defense witness Katrina Richardson testified that appellant lived with her from June
1993 to January 1994. According to Richardson, appellant spent the first sixteen years of his life
in Panama and spoke with a strong Panamanian accent. She further testified that appellant wore
a beard at all times. 

 In rebuttal, the State called Killeen police officer Roger Hackenbrocht. Over
appellant's bolstering objection, the officer testified that Grey selected appellant's photograph
from a group of photographs he showed her in January 1994. The photo spread was admitted in
evidence. It consists of six photographs of black men, each of whom has some form of facial
hair. 

 In his first point of error, appellant contends evidence regarding Grey's pretrial
identification of appellant was irrelevant to any issue in the case and served only to bolster her
in-court identification of appellant. Appellant relies on Sledge v. State, 686 S.W.2d 127 (Tex.
Crim. App. 1984). In that opinion, the court noted that corroboration of a witness after
impeachment did not constitute improper bolstering. Id. at 129. But "[b]efore third party
accounts of a complainant's extrajudicial identification become admissible," it must be determined
that the challenged evidence "will serve to rehabilitate the complainant on the specific point upon
which he has been impeached or attacked." Id. Appellant notes that Richardson's testimony
impeached Grey's identification of appellant in two respects: (1) Grey testified that the robbers
were clean-shaven, while Richardson testified appellant wore a beard and (2) Grey testified that
neither robber had a noticeable accent, while Richardson testified to appellant's heavy Panamanian
accent. Appellant argues that Grey's pretrial identification of a photograph of appellant wearing
a beard did not rehabilitate her testimony in either respect.

 Sledge, like most opinions regarding the subject of bolstering, predates the Texas
Rules of Criminal Evidence. Under these authorities, objectionable bolstering occurred when one
item of evidence was used by a party to add credence or weight to some earlier unimpeached piece
of evidence offered by the same party. Pless v. State, 576 S.W.2d 83, 84 (Tex. Crim. App.
1978). The term "bolstering" does not appear in the rules of criminal evidence and no rule
mandates the exclusion of relevant evidence simply because it corroborates the testimony of an
earlier witness. Cohn v. State, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993). Under the rules,
bolstering is subsumed within the concept of relevance, and is best understood as referring to
evidence that serves the sole purpose of convincing the factfinder that a particular witness is
worthy of credit and that does not make the existence of a consequential fact more or less probable
than it would be without the evidence. Id. at 819-20; Tex. R. Crim. Evid. 401. 

 The identity of the guilty party is a fact of consequence to the determination of
every criminal prosecution. Evidence of an extrajudicial identification of the accused by the
complainant tends to make his guilt more probable than it would be without the evidence. 
Therefore, the district court did not err by admitting evidence of Grey's identification of
appellant's photograph over appellant's bolstering objection and his related contention that the
evidence was irrelevant under the circumstances. Point of error one is overruled.

 In his second point of error, appellant contends the prosecutor went outside the
record when he argued that appellant fled after the robbery and that the jury could infer guilt from
this flight. The robbery occurred in November 1993 and appellant was arrested in South Carolina
in January 1994. Richardson testified that appellant lived with her in Killeen until January 1994,
when he went to South Carolina to visit relatives. Appellant argues that there is no evidence that
appellant fled from Killeen after the robbery.

 During jury argument, counsel is allowed wide latitude to draw reasonable
inferences from the evidence. Scott v. State, 867 S.W.2d 148, 152 (Tex. App.--Austin 1993, no
pet.). The prosecutor did not exceed the scope of permissible argument by urging that the desire
to avoid apprehension, and not the pull of family ties, motivated appellant's trip to South
Carolina. This conclusion is not foreclosed by Powell v. State, 560 S.W.2d 646, 649-50 (Tex.
Crim. App. 1977), cited by appellant. The issue in that case was not the scope of proper jury
argument, but whether the testimony of an accomplice witness was corroborated. The court held
that evidence the defendant was arrested in another state two months after the offense did not tend
to connect him to the offense. It does not follow that the prosecutor, during argument in this
cause, could not infer a consciousness of guilt from appellant's actions. Point of error two is
overruled.


 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 25, 1995

Do Not Publish

1. The 1994 Penal Code amendments did not substantively alter section 29.03.