**Opinion issued June 9, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-14-00900-CR**

————————————

**FELICITY BURRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Case No. 1344231**

---

**MEMORANDUM OPINION**

Felicity Burris pled no contest to the second-degree felony of arson of a commercial building, and the trial court assessed her punishment at five years' deferred adjudication. It further ordered her to pay $25,851 in restitution. On

appeal, Burris contends that the trial court abused its discretion in ordering her to pay the portion of restitution attributed to demolition costs of the damaged building, totaling $12,146. We affirm.

## Background

In February 2012, Burris managed Late Nite Pies, a pizza restaurant. Her husband, Michael Williams, owned the business. Williams and Burris rented the building from a corporation owned by Sophia Zoes. A fire occurred in the restaurant. An arson investigator discovered four areas of the fire's origin and a plastic gasoline can. Burris was charged with arson and pleaded no contest.

The trial court held a restitution hearing, in which the State offered testimony about the losses that occurred as a result of the fire. During the hearing, Burris objected to the trial court's consideration of $12,146 in cleanup and demolition costs as part of the restitution. The trial court overruled her objection.

## Discussion

*Standard of Review and Applicable Law*

We review a challenge to a trial court's restitution order under an abuse of discretion standard. *See Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999); *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. 1980). An abuse of discretion occurs if the trial court acts without reference to any guiding principles or acts arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d

2

372, 380 (Tex. Crim. App. 1990) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)); *Tyler v. State*, 137 S.W.3d 261, 266 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

The Texas Code of Criminal Procedure provides that a trial judge "may order the defendant to make restitution to any victim of the offense." TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2014); *Hanna v. State*, 426 S.W.3d 87, 92 (Tex. Crim. App. 2014). If a defendant is placed on community supervision, the payment of restitution to the victim may be a condition of the community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.037(h); 42.12 § 11(b).

Texas law provides three limits on the amount of restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the loss of the complainant; (2) the restitution ordered must be for the offense for which the convicted person is criminally responsible; and (3) restitution is proper only for the victim or victims of the offense for which the offender is charged. *Campbell*, 5 S.W.3d at 696–97; *Tyler*, 137 S.W.3d at 266. The court should consider "the amount of loss sustained by any victim" and "other factors the court deems appropriate" when determining the amount of restitution to order. TEX. CODE CRIM. PROC. ANN. art. 42.037(c). In calculating the amount of restitution owed as a result of property damage, the court may order the defendant to pay an amount

equal to the greater of "(i) the value of the property on the date of the damage, loss, or destruction; or (ii) the value of the property on the date of sentencing, less the value of any part of the property that is returned on the date the property is returned." *Id.* at 42.037(b)(1)(B). The prosecution bears the burden of proving the amount of loss sustained by the victims of a crime by a preponderance of the evidence to factually support a restitution order. *Id.* at 42.037(k).

*Analysis*

Burris argues that the restitution award for demolition costs lacks a sufficient factual basis in the record. The State offered the testimony of James Zoes, the property owner's son and accountant. He prepared the expense documents after the fire. He testified that the walls of the building remained standing after the fire, but that they contained cracks. He further testified that these walls could not be used for another building or for another purpose. Zoes testified that he had received an estimate of $12,146 for demolition costs for tearing down the walls and clearing the property of debris. Although the demolition had not occurred, he testified that it was required to clear the property and would occur "[w]ithout a doubt."

Burris observes that the Zoeses had not finally determined what to do with the walls at the time of the restitution hearing. James Zoes testified that the Zoeses

> [did] not want to tear the building down without . . . knowing all this
> information of what we are getting into. The building could be useful

4

standing or if it turns out it is useful to tear down, it will be torn down. And either way, a new building will be put up. It is just we are not sure of what options we have, so we are trying to get these options and then make logical decisions and go forward.

But Zoes's testimony was uncontroverted that the walls themselves were not usable in their current state. Based on this testimony and the estimate of $12,146 for costs of demolition, the trial court was within its discretion in setting restitution at $25,851 to include these costs as necessary to restore the value of the property before the fire. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(c); *Campbell*, 5 S.W.3d at 696–97; *Tyler*, 137 S.W.3d at 266.

## Conclusion

We hold that the record supports the restitution ordered by the trial court. The trial court thus did not abuse its discretion in ordering Burris to pay $12,146 for demolition costs, as a portion of the restitution required as a community supervision condition. We therefore affirm the trial court's order.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. *See* TEX. R. APP. P. 47.2(b).

5